339 F.3d 1146
 Retail Flooring Dealers of America, Inc., a corporation; Donald Ricketts, Plaintiffs-Appellants,
v.
Beaulieu of America, LLC, a corporation; Beaulieu of America, Inc., a corporation, Defendants-Appellees.
Retail Flooring Dealers of America, Inc., a corporation; Donald Ricketts, Plaintiffs-Appellees,
v.
Beaulieu of America, LLC, a corporation; Beaulieu of America, Inc., a corporation, Defendants-Appellants.
 No. 02-55076.
 No. 02-55110.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 2003 — Pasadena, California.
 Filed August 14, 2003.
 
 Donald W. Ricketts (on brief), Santa Clarita, California, and Phil Montoya (argued), Pasadena, California, for the appellant/cross-appellee.
 Dennis S. Ellis, Los Angeles, California, for the appellee/cross-appellant.
 Appeal from the United States District Court for the Central District of California; Robert J. Kelleher, Senior Judge, Presiding. D.C. No. CV-01-06143-RJK.
 Before: Robert R. Beezer, Ferdinand F. Fernandez, and Richard A. Paez, Circuit Judges.
 Opinion by Judge BEEZER; Dissent by Judge FERNANDEZ
 OPINION
 BEEZER, Circuit Judge.
 
 
 1
 Retail Flooring Dealers of America ("Retail Flooring") appeals the district court's award of a Fed.R.Civ.P. 11 sanction for $5,000 to Beaulieu of America ("Beaulieu"). Beaulieu cross-appeals the amount of the sanction as insufficient. We reverse the district court's award of the Rule 11 sanction.
 
 
 2
 * In 1998, Dale Cox, president of Retail Flooring, filed a complaint (the "Cox complaint") in state court against Beaulieu (and other carpet manufacturers). The Cox complaint alleged claims of unfair business practices under California's Unfair Competition Law[1] and claims under California's Song-Beverly Consumer Warranty Act[2].
 
 
 3
 The defendants removed the Cox complaint to federal court and the case was assigned to Judge Kelleher. Cox moved to remand the complaint to state court, arguing that the district court lacked jurisdiction. Judge Kelleher (1) remanded to state court the claims under the Song-Beverly Consumer Warranty Act because the defendants could not show that those claims satisfied the amount-in-controversy requirement necessary for diversity jurisdiction and (2) retained the Unfair Competition Law claims because the defendants established that diversity jurisdiction requirements were met for those claims.
 
 
 4
 In 1999, after approximately a year in litigation, Cox moved to voluntarily dismiss the portion of the Cox complaint that was pending in federal court before Judge Kelleher. Judge Kelleher granted the motion and issued an order dismissing without prejudice the Cox complaint. In granting the motion to dismiss the Cox complaint, the court stated in the 1999 order:
 
 
 5
 1. Plaintiff's motion to voluntarily dismiss this action, without prejudice, is granted.
 
 
 6
 2. However, if plaintiff files any action in any state court against these defendants arising out of the same facts alleged in plaintiff's complaint herein, and that new action is removable to federal court, said action shall be removed to this court.
 
 
 7
 3. Furthermore, if plaintiff files a removable action in any state court against these defendants, plaintiff shall be subject to reimbursing defendants their fees and costs and subject to sanctions.
 
 
 8
 In 2001, Retail Flooring filed a complaint (the "Retail Flooring complaint") against Beaulieu in federal court. The Retail Flooring complaint asserted that federal court jurisdiction was based on the 1999 order from Judge Kelleher dismissing the Cox complaint. Although the Retail Flooring complaint arose from the same set of facts as the Cox complaint, it both resurrected claims from the Cox complaint under the Song-Beverly Consumer Warranty Act and added new claims under the Magnuson-Moss Act, 15 U.S.C. § 2307.
 
 
 9
 Beaulieu moved to dismiss the Retail Flooring complaint for lack of jurisdiction and the motion was granted with ten days leave to amend. After the time for leave to amend expired, Beaulieu moved for Rule 11 sanctions. The district court granted Beaulieu's motion and imposed a sanction against Retail Flooring's counsel, Donald Ricketts, in the amount of $5,000 to Beaulieu.
 
 II
 
 10
 We first address whether we have jurisdiction to entertain this appeal. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.1979) ("A review of the federal court's jurisdiction is a threshold question which must be answered prior to the disposition of each case before it.").
 
 
 11
 The district court imposed a Rule 11 sanction on Retail Flooring's counsel. The notice of appeal, however, only identifies Retail Flooring as an appellant. The issue is whether we have jurisdiction to review the award of a Rule 11 sanction against an attorney when the attorney's client appeals on behalf of the sanctioned attorney.[3]
 
 
 12
 Fed. R.App. P. 3(c) governs the contents of notices of appeal and states, in part, that notices must "specify the party or parties taking the appeal." Fed. R.App. P. 3(c). Rule 3(c) is a jurisdictional requirement. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), superseded by statute. Torres held that if a party failed to satisfy the requirements of Rule 3(c) by not naming a party in their notice of appeal, an appellate court lacked jurisdiction over that party. Id.
 
 
 13
 Rule 3(c) was revised in 1993 to make clear that an appeal must not be dismissed for failure to name a party whose intent to appeal is clear from the notice. Under revised Rule 3(c), if it appears on the face of the notice that an appeal is intended by a party not named, then the appeal is deemed well taken. The amendment was in response to the harsh results arising from the Supreme Court's interpretation of Rule 3(c) in Torres. See Garcia v. Wash, 20 F.3d 608, 609 (5th Cir.1994).
 
 
 14
 Courts and commentators have recognized that the revision to Rule 3(c) affects cases in which a party has appealed a sanction order on behalf of the party's sanctioned attorney. See id. (holding that jurisdiction was proper even where the party, rather than the party's attorney, was named on the notice of appeal, because it was clear that the attorney sufficiently evidenced his intent to appeal); see also Knibb, Federal Court of Appeals Manual 162-63 (noting that while some courts apply a per se rule that an appeal is ineffective unless the sanctioned lawyer is properly identified in the notice of appeal, this rule "is questionable in light of the language in revised Rule 3(c)(4)").
 
 
 15
 Rule 3(c) now states that "[a]n appeal must not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice." The Advisory Committee Notes to the rule further state that "[i]f a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." This is consistent with the Supreme Court's statement that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Becker v. Montgomery, 532 U.S. 757, 767, 121 S.Ct. 1801, 149 L.Ed.2d 983 (2001).
 
 
 16
 Counsel's intent to appeal is clear from the face of the notice of appeal. The notice of appeal directly challenges only the sanctions against Retail Flooring's counsel. Counsel was aware that the notice of appeal challenged only the sanction against him: his name appears on the notice as the attorney for Retail Flooring and he signed and filed the notice of appeal. In addition, counsel attached to the notice of appeal a copy of the court minutes where the trial judge granted the motion for sanctions against Retail Flooring's counsel.
 
 
 17
 Counsel's desire to appeal the sanctions order, under these circumstances, is manifest. See Garcia, 20 F.3d at 610 (stating that a notice of appeal clearly indicated that a sanctioned lawyer intended to appeal where the attorney filed the notice of appeal challenging the sanctions against the attorney); Laurino v. Tate, 220 F.3d 1213, 1218 (10th Cir.2000) (concluding that a notice of appeal clearly evidenced a sanctioned attorney's intent to appeal where the notice of appeal specifically appealed an order that only concerned the sanctions entered against the attorney). Counsel's clear intent to appeal the district court's sanction makes him a party to this appeal under Rule 3(c). See Garcia, 20 F.3d at 610; Laurino, 220 F.3d at 1218.
 
 
 18
 We have jurisdiction to hear counsel's appeal from the post-judgment order awarding a $5,000 sanction to Beaulieu.[4] See Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1508 n. 5 (9th Cir.1987).
 
 III
 
 19
 "Determining whether an attorney has violated Rule 11 involves a consideration of three types of issues." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 399, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). We consider the factual issues relied upon to establish a Rule 11 violation, the legal issues determining whether conduct violated Rule 11 and the issues related to the appropriateness of sanctions imposed. Id. "[A]n appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's Rule 11 determination." Id. at 405, 110 S.Ct. 2447. "A district court ... abuse[s] its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Id.
 
 
 20
 * Counsel for Retail Flooring argues that the district court's dismissal of the Retail Flooring complaint for lack of jurisdiction deprives the district court of jurisdiction to award Rule 11 sanctions. This argument fails. Imposition of a Rule 11 sanction is a determination of a collateral issue and a determination of a collateral issue may be made after the principal suit has been terminated for lack of jurisdiction. Id. at 396, 110 S.Ct. 2447.
 
 B
 
 21
 Retail Flooring's counsel next argues that the district court erred in awarding a Rule 11 sanction because Beaulieu failed to comply with Rule 11's "safe harbor" provision.[5] We agree and reverse the district court's award of the Rule 11 sanction.
 
 
 22
 The safe harbor provision gives an attorney the opportunity to withdraw or correct a challenged filing by requiring a party filing a Rule 11 motion to serve the motion 21 days before filing the motion.[6] See Fed.R.Civ.P. 11(c)(1)(A). We have stated that "[t]he purpose of the safe harbor... is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions. A motion served after the complaint had been dismissed [does] not give [the offending party] that opportunity." Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998) (emphasis in original).
 
 
 23
 Beaulieu complied with the requirement of serving Retail Flooring with its Rule 11 motion 21 days before filing the motion or presenting it to the district court. Beaulieu did not serve the motion, however, until the Retail Flooring complaint had been dismissed and the period within which an amended complaint could be filed had expired.[7] Given the timing of Beaulieu's service of motion, Retail Flooring's counsel did not have an opportunity to correct or withdraw the complaint.[8]
 
 
 24
 As the court observed in Barber, the Advisory Committee Notes to Rule 11 state that "a party cannot delay serving its Rule 11 motion until conclusion of the case." Barber, 146 F.3d at 710-11. To allow such conduct would frustrate the purpose of the safe harbor provision. Id. at 710. Here, Beaulieu did not serve or file its motion until well after the time in which Retail Flooring could correct or withdraw its complaint had lapsed. An award of sanctions under these circumstances would frustrate the safe harbor provision. The district court's award of the Rule 11 sanction was erroneous in light of the recognition that Rule 11 sanctions are not appropriate, given the safe harbor provision, unless an offending party has "an opportunity to withdraw the complaint without suffering sanctions." Id. at 709.
 
 
 25
 We reverse the district court's award of sanctions.
 
 IV
 
 26
 Beaulieu's cross-appeal related to the sufficiency of the amount of the sanction is moot.
 
 
 27
 REVERSED.
 
 
 
 Notes:
 
 
 [1]
 Cal. Bus. & Prof'l Code §§ 17200et seq.
 
 
 [2]
 Cal. Civ.Code § 1793.2et seq.
 
 
 [3]
 See David G. Knibb, Federal Court of Appeals Manual 162 (4th ed. 2000) ("A common problem arises in appeals from sanctions imposed only on counsel. The attorney should be the named appellant. If the notice of appeal designates the client-party as the appellant, the appeal may be ineffective.").
 
 
 [4]
 As the dissent points out,Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275-76 (9th Cir.1990), holds that a client does not have standing to appeal a sanction order against its attorney. Estate of Bishop's holding was later applied, without discussion, in Cabrera v. City of Huntington Park, 159 F.3d 374, 378 (9th Cir.1998).
 Neither Estate of Bishop nor Cabrera take into account amended Rule 3(c). Our decision today relies on amended Rule 3(c), which was specifically revised to prevent an appeal from being dismissed where it is clear that a party intended to appeal but was not named on the notice of appeal. Fed. R.App. P. 3 advisory committee's notes. Because Retail Flooring's counsel is a party to the appeal under amended Rule 3(c), we need not address Retail Flooring's lack of standing under Estate of Bishop and Cabrera.
 
 
 [5]
 Although Retail Flooring did not raise this argument before the district court, an appellate court can review an issue not raised nor objected to prior to appeal if necessary to prevent manifest injusticeSee Alexopulos v. Riles, 784 F.2d 1408, 1411 (9th Cir.1986).
 
 
 [6]
 "A motion for sanctions under this rule ... shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion ... the challenged paper ... is not withdrawn or appropriately corrected." Fed. R.Civ.P. 11(c)(1)(A)
 
 
 [7]
 The motion to dismiss was granted on September 17, 2001. The deadline to file an amended complaint was September 27, 2001. Beaulieu served Retail Flooring with its motion for sanctions on October 15, 2001. Beaulieu filed its motion with the court on November 5, 2001
 
 
 [8]
 Even though Retail Flooring's complaint was dismissed without prejudice, arguably giving Retail Flooring an opportunity to correct or withdraw its complaint, leave to amend was granted for only 10 days and Beaulieu served its motion for sanctions after the 10 day period had elapsed. Retail Flooring did not have a chance to correct or withdraw its complaint, for Rule 11's safe harbor purposes, once the 10 day period elapsedSee Truesdell v. S. Cal. Permanente Med. Group, 293 F.3d 1146, 1152 (9th Cir.2002) ("Once the court has dismissed the action with prejudice, counsel cannot withdraw the pleading. Allowing a party to wait until judgment is entered before serving a Rule 11 motion would effectively eliminate the safe harbor altogether."); see also Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 789 (9th Cir.2001) (disapproving an attempt to render the safe harbor provision meaningless).
 
 
 
 28
 FERNANDEZ, Circuit Judge, Dissenting.
 
 
 29
 I dissent from the majority's determination that we have jurisdiction over this appeal. Therefore, I will not comment on the merits.
 
 
 30
 I dissent because I thoroughly disagree with the failure to follow Ninth Circuit authority, and the immasking of the creation of an intracircuit split with the notion that a non-party to this appeal is, indeed, a party to this appeal.
 
 
 31
 In this case, sanctions were awarded against an attorney, but only his client purported to appeal those sanctions. I see no virtue in recitation of and reflection upon a 1993 change in the rules on appeal, which now provide that an appeal "must not be dismissed ... for failure to name a party whose intent to appeal is otherwise clear from the notice [of appeal]." See Fed. R.App. P. 3(c)(4). Of course, to say that the attorney did intend to appeal the sanction himself, when only his client actually appealed, begs the question. Did the attorney truly intend to file an appeal for himself? How can we tell? Here, the attorney was never even directly alluded to in the notice which said: "Comes Now Plaintiff RETAIL FLOORING DEALERS OF AMERICA, INC., ... and appeals to the United States Court of Appeal for the Ninth Circuit from the order made by the United States District Court ... granting defendant's motion for sanctions pursuant to FRCP Rule 11." The document then declared that the parties to the appeal were Retail Flooring and Beaulieu of America, Inc. It certainly is pellucid that Retail Flooring undertook to appeal, but it clearly had no standing to do so. It is equally clear that the attorney was not named as a party.
 
 
 32
 And, Retail Flooring's briefs do not help one whit. They make it clear that Retail Flooring itself is appealing. Never once is the attorney referred to. On the contrary, the briefs are written on the behalf of Retail Flooring itself only — they speak only about the "plaintiff" throughout, and at no time was the attorney a plaintiff — only Retail Flooring was. This is not a mere technicality, unless we do not care at all about who is a plaintiff, or a party, or about who has standing when we decide to reach a desired conclusion. But that is not the worst of it. The decision that we have jurisdiction over this appeal because judicial legerdemain can remove the named appellant and substitute another appellant in its place amounts to ignoring our existing precedent.
 
 
 33
 In Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272 (9th Cir.1990), we addressed a situation wherein an attorney, who was representing the plaintiffs, had sanctions imposed upon him by the district court. Id. at 1274. He also represented the plaintiffs on appeal and, as we said, they appealed "the district court's order of sanctions against their attorney." Id. at 1275. In other words, the posture of the case was precisely like the one at hand. We said this: "Because [the attorney] has not pursued an appeal of his own, we must decide whether a party has standing to appeal an order of sanctions against its attorney." Id. We then resolved the issue in the following manner:
 
 
 34
 "To have standing to appeal, a party must be aggrieved by the district court's order." Although we cannot say that an order of attorney sanctions has absolutely no effect on the interest of a party," [a]n indirect financial stake in another party's claims is insufficient to create standing on appeal." ...
 
 
 35
 Moreover "[a] party may only appeal to protect its own interests, not those of any other party." This is especially true where, as here the aggrieved person was free to appeal on his own behalf. Thus we lack jurisdiction to review the order of sanctions.
 
 
 36
 Id. at 1276 (citations omitted). How is this to be finessed? Easy. Just state that, despite the fact that this case is a congener of Estate of Bishop, the attorney himself is a party and he has standing. Presumably, that is based on the change in Rule 3(c)(4), which occurred in 1993. Easy, yes, but wrong because, even if the new rule could be read that broadly,[1] we restated the holding of Estate of Bishop after the change was adopted.
 
 
 37
 In Cabrera v. City of Huntington Park, 159 F.3d 374, 378 (9th Cir.1998), long after the amendment to Rule 3(c)(4) took place, we were, again, faced with a situation where an attorney, who was representing the plaintiff, had sanctions imposed upon him by the district court. He also represented the plaintiff on appeal, but only the plaintiff himself appealed. Id. The major apparent difference between Cabrera and Estate of Bishop is that Cabrera actually obtained a reversal of a portion of the judgment against him. Id. at 383. As far as the sanction against the attorney was concerned, however, we had this to say: "Finally, Cabrera asks us to review the award of Fed.R.Civ.P. 11 sanctions against his attorney. However, we lack jurisdiction to review this award because Cabrera has no standing to appeal an order imposing sanctions against his attorney." Id. at 382 (citing Estate of Bishop.) Thus, we have clearly held that Estate of Bishop is still good law; it and Cabrera should control this case.
 
 
 38
 Again, this creation of an intracircuit split is obscured with a fuliginous cloud made up of the conceit that the attorney here (allegedly unlike the attorneys in Estate of Bishop and Cabrera) is truly a party. It comes as no surprise to me that the legal mind is perfectly capable of reaching a result by declaring a non-party to be a party, just as it can declare a pony to be a small bird. See Regina v. Ojibway, 8 Crim. L.Q. 137 (Oct. 1965). While I am often taken by, sometimes even filled with admiration for, manifestations of scholastic mental agility, I think that agility is frequently misdirected. It is here. Thus, I respectfully dissent.
 
 
 
 Notes:
 
 
 [1]
 One circuit has apparently so read itSee Laurino v. Tate, 220 F.3d 1213, 1218 (10th Cir.2000). One other may have, although it is not clear that it did. Garcia v. Wash, 20 F.3d 608, 609-10 (5th Cir.1994). In neither case are we told how the matter was briefed.