**Gronia Lopez PEREZ, Plaintiff,**

and

**Yanira Olivia LOPEZ, by and through her Guardian ad Litem, Gronia Lopez Perez, Plaintiff—Appellant,**

v.

**CITY OF LOS ANGELES; James K. Hahn, City Attorney; Los Angeles Police Department; Beth Howard; W. Grant; Bernard Parks, Chief; O. Pedemonte, Defendants—Appellees.**

Gronia Lopez Perez; Yanira Olivia Lopez, by and through her Guardian ad Litem, Gronia Lopez Perez, Plaintiffs—Appellants,

v.

City of Los Angeles; James K. Hahn, City Attorney; Los Angeles Police Department; Beth Howard; W. Grant; Bernard Parks, Chief; O. Pedemonte, Defendants—Appellees.

Nos. 02–56890, 03–56055.
D.C. No. CV–01–04119–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided May 28, 2004.

Luis A. Carrillo, Law Offices of Luis A. Carillo, Montebello, CA, for Plaintiff and Plaintiff–Appellant.

Susan Kawala, Los Angeles City Attorney's Office, Los Angeles, CA, Larry D. Stratton, John M. Pagan, Law Offices of Hausman and Soda, Encino, CA, for Defendants–Appellees.

Before B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

MEMORANDUM *

Gronia Lopez Perez ("Perez") and her daughter, Yanira Olivia Lopez ("Lopez"), appeal district court orders disposing of their civil rights claims against Beth Howard, Perez's former employer; W. Grant and O. Pedemonte, two Los Angeles police officers; James Hahn, the former Los Angeles City Attorney; Bernard Parks, the former Los Angeles Chief of Police; the City of Los Angeles ("City"); and the Los Angeles Police Department ("LAPD").[1] Perez's and Lopez's attorney, Luis A. Carrillo, appeals the district court's order sanctioning him for violations of Federal Rule of Civil Procedure 11.[2] We affirm the district court's dismissal and summary judgment orders but reverse its award of Rule 11 sanctions. As the parties are familiar with the facts, we recount them only as necessary to explain our decision.

I.

Perez and Lopez each filed complaints in the district court. Perez's complaint includes claims for arrest without probable cause and for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The district court granted summary judgment on both claims in favor of all defendants. We review the grant of summary judgment de novo, and we may affirm on any ground supported by the record. *Venetian Casino Resort, LLC v. Local Joint Executive Bd.*, 257 F.3d 937, 941 (9th Cir.2001).

■ We affirm the judgment entered in Howard's favor because Perez failed to create a genuine factual dispute regarding probable cause. *See* Fed.R.Civ.P. 56(c). Perez told the officers that she had taken the shirts because Howard did not pay her enough. In her affidavit she then denied stealing in general terms, but she did not dispute Howard's specific testimony about finding clothing in Perez's purse. She only denied that the shirts were in her purse when the officers arrived. Perez's conclusory declaration could not defeat Howard's summary judgment motion. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) (explaining that a conclusory affidavit lacking specific facts is insufficient to create a genuine issue). We must keep in mind that the issue is probable cause, not actual guilt.

We affirm the judgment entered in favor of Grant and Pedemonte on the basis of qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). "A sufficient basis of knowledge [for an arrest] is established if the victim provides facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir.2003) (internal quotation marks and citation omitted), *cert. denied*, —— U.S. ——, 124 S.Ct. 1506, 158 L.Ed.2d 153 (2004); *see also id.* at 979 ("[A] factual dispute regarding a victim's complaint at the scene of an alleged domestic disturbance does not defeat proba-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Grant, Pedemonte, Hahn, Parks, the City and the LAPD are referred to collectively as the "City Defendants."

2. Although the Notice of Appeal from the district court's sanctions order improperly lists Lopez as appellant, Carrillo signed the Notice and his clear intent to appeal the sanctions order against him is enough to make him a party. *See* Fed. R.App. P. 3(c); *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1148–49 (9th Cir.2003).

ble cause if: 1) the victim's statements are sufficiently definite to establish that a crime has been committed; and 2) the victim's complaint is corroborated by either the surrounding circumstances or other witnesses."). Grant and Pedemonte could reasonably have believed that Howard's specific allegations and the surrounding circumstances provided probable cause to arrest.

■ We affirm the judgment entered in favor of Hahn and Parks in their individual capacities because Perez presented no evidence that they were personally involved in the alleged constitutional violations or that they "set[ ] in motion a series of acts by others" which they knew or reasonably should have known would cause constitutional injury. *Johnson v. Duffy,* 588 F.2d 740, 743–44 (9th Cir.1978); *see also Larez v. City of Los Angeles,* 946 F.2d 630, 645–46 (9th Cir.1991) (describing tests for individual supervisor liability). We affirm summary judgment on Perez's *Monell* claim against the City Defendants because the single report submitted by Perez was insufficient evidence that a policy or custom was the "moving force" behind the alleged constitutional violations. *City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); *see also King County v. Rasmussen,* 299 F.3d 1077, 1089–90 (9th Cir.2002) (*Monell* liability is appropriate only where individual officers acted "pursuant to a local policy, practice or custom").

## II.

Lopez's complaint includes three claims: (1) a claim against all defendants for violation of Lopez's substantive due process right to familial association during the period of Perez's imprisonment; (2) a *Monell* claim against the City on the same familial association theory; and (3) a claim against all defendants for loss of the privileges and

immunities of United States citizenship. The district court dismissed Lopez's claims against Howard with prejudice and granted summary judgment in favor of the remaining defendants. We review de novo, and we may affirm on any ground supported by the record. *See Vestar Dev. II, LLC v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001); *see also Venetian Casino Resort,* 257 F.3d at 941.

■ The district court properly dismissed Lopez's substantive due process claim against Howard. Howard could be held liable on that claim only if she acted with at least a reckless disregard for Lopez's right of familial association. *See Byrd v. Guess,* 137 F.3d 1126, 1134 (9th Cir.1998); *cf. County of Sacramento v. Lewis,* 523 U.S. 833, 853, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) (holding that plaintiffs must prove more than reckless disregard or deliberate indifference when "unforeseen circumstances demand an officer's instant judgment"). Although Lopez's complaint includes the conclusory phrase "reckless disregard," it does not include factual allegations that could support a reasonable inference of the necessary mental state. We affirm because "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn,* 264 F.3d 817, 821 (9th Cir.2001).

We also affirm dismissal of Lopez's privileges and immunities claim against Howard. That claim stems entirely from Perez's deportation, an event over which Howard could not have exercised any control. *Cf. DeCanas v. Bica,* 424 U.S. 351, 354, 96 S.Ct. 933, 47 L.Ed.2d 43 (1976) ("Power to regulate immigration is unquestionably exclusively a federal power."). Lopez's complaint does not and could not allege an adequate causal link between Howard and the decision to deport Perez. *See Franklin v. Fox,* 312 F.3d

423, 445 (9th Cir.2002) ("In order for a private individual to be liable for a § 1983 violation when a state actor commits the challenged conduct, the plaintiff must establish that the private individual was the proximate cause of the violations.").

■ For similar reasons, we hold that the district court properly granted the City Defendants' summary judgment motions in the Lopez action. We affirm summary judgment on the substantive due process claim because Lopez did not present any evidence that the City Defendants acted with deliberate indifference or reckless disregard for her rights. *See Byrd,* 137 F.3d at 1134. Lopez's privileges and immunities claim fails for lack of causation; there is no evidence that the City Defendants participated personally in the decision to deport Perez or that they knew or should have known that Perez's deportation could possibly violate Lopez's constitutional rights. *See Johnson,* 588 F.2d at 743–44. Finally, Lopez's *Monell* claim fails, as Perez's did, because plaintiffs' evidence does not identify any relevant policy or custom as the moving force behind the constitutional violations alleged in this case.

### III.

Although we affirm the district court's rulings on the merits, we reverse its award of Rule 11 sanctions. We review de novo the district court's determination that Carrillo violated Rule 11. *United Nat'l Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1115 (9th Cir.2001). We review factual findings underlying that determination for clear error, and the district court's choice of sanction for abuse of discretion. *Id.*

On June 18, 2002, the district court granted defendant Beth Howard's motion to dismiss the Lopez action with prejudice; Howard then moved for Rule 11 sanctions in the Lopez action, which the court granted on July 29, 2002. On September 30, 2002, the court fixed the amount of sanctions, ordering Carrillo to pay Howard $6,029.19.

In imposing Rule 11 sanctions, the district court relied primarily on its conclusion that *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), barred Lopez's first cause of action, as it did her mother's, and emphasized that Lopez's arguments were simply a "rehash" of the arguments made in the Perez action; the court said, "Plaintiff offer[ed] no arguments why she can successfully raise this claim where her mother, the alleged 'victim,' could not." The district court also noted that Howard is a private citizen and that Carrillo "fail[ed] to explain" how she could be held liable under 42 U.S.C. § 1983. Neither of these reasons provides a sufficient basis for Rule 11 sanctions.

■ *Heck*'s effect on this case is far from clear, both because Perez was never convicted of a theft crime and because habeas relief may no longer be available to her. *See Heck,* 512 U.S. at 487 (explaining that a § 1983 action is barred only if it would "necessarily imply the invalidity" of a criminal conviction or sentence) (emphasis added); *see also Nonnette v. Small,* 316 F.3d 872 (9th Cir.2002) (holding that plaintiff could proceed with § 1983 action because habeas relief was no longer available). In January 2003, when considering Lopez's claims vis-à-vis the City Defendants, the district court itself concluded that Lopez's first cause of action—a Fourteenth Amendment claim based on the loss of familial companionship—*was not* barred by Heck. The fact that the district court reversed course indicates that Rule 11 sanctions were not appropriate. *See United Nat'l,* 242 F.3d at 1117. With respect to Howard's liability as a private citizen, Lopez invoked the "joint action" test for

state action by alleging that Howard conspired with Grant and Pedemonte to violate Perez's civil rights. *See Kirtley v. Rainey,* 326 F.3d 1088, 1092 (9th Cir.2003). Thus, Carrillo did not fail to explain how Howard could potentially be liable under § 1983.

In its order imposing Rule 11 sanctions, the district court determined that Carrillo filed the Lopez action for an improper purpose. However, the district court's order does not provide any specific support for this conclusion, and we see no evidence in the record of "litigation tactics so vexatious as to be unjustifiable." *United Nat'l,* 242 F.3d at 1115. We also cannot affirm on the ground that Lopez's claims lacked evidentiary support. The district court dismissed Lopez's claims against Howard at the pleading stage, before any evidence could possibly have been submitted.

### IV.

For the foregoing reasons, we affirm the district court's dismissal and summary judgment orders but reverse its award of Rule 11 sanctions.

**AFFIRMED IN PART; REVERSED IN PART.**