**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LORRAINE DETABALI,
   *Plaintiff-Appellant,*

v.

ST. LUKE'S HOSPITAL; JOHN
WILLIAMS; PHILIP GARDNER;
CHRISTINE GREEN; EVANGELINE
MONDARES; SUSAN MCCORQUODALE;
ROSE RENEE,
   *Defendants-Appellees.*

No. 05-15591

D.C. No.
CV-04-03198-PJH

OPINION

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted
February 15, 2007—San Francisco, California

Filed April 16, 2007

Before: Ronald M. Gould and Milan D. Smith, Jr.,
Circuit Judges, and Alfred V. Covello,* District Judge.

Opinion by Milan D. Smith, Jr.

---

*The Honorable Alfred V. Covello, Senior United States District Judge
for the District of Connecticut, sitting by designation.

4315

## COUNSEL

Charles J. Katz, Millbrae, California, for the plaintiff-appellant.

Alex Hernaez, Kauff, McClain & McGuire LLP, San Francisco, California, for the defendants-appellees.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Plaintiff-Appellant Lorraine Detabali (Detabali) appeals the district court's (1) ruling that her California Fair Employment

and Housing Act (FEHA), Cal. Gov't Code § 12940 *et seq.*, claims for employment discrimination and retaliation against Defendant-Appellee St. Luke's Hospital's (St. Luke's) were preempted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), and (2) imposition of sanctions against her attorney, Charles J. Katz (Katz), for flouting the court's instructions regarding a possible second amended complaint.

We reverse the district court's dismissal of Detabali's FEHA claims and the imposition of sanctions against Detabali's counsel, and remand to the district court with instructions to remand Detabali's action to the San Francisco Superior Court.

## BACKGROUND

Lorraine Detabali, a 57-year-old Filipina woman, was employed as an intensive care unit nurse at St. Luke's. She also served as a union representative and had been instrumental in negotiating provisions of the collective bargaining agreement concerning certain measures to ensure quality of care, patient safety, and minimize liability exposure for nurses. St. Luke's terminated Detabali for insubordination, patient abandonment, and the harassment of another registered nurse when she refused the order of a nurse supervisor to work in the emergency room. Detabali filed suit against St. Luke's in San Francisco Superior Court, alleging common law claims for breach of contract, breach of the covenant of good faith and fair dealing, and claims under the FEHA for discrimination on the basis of her race and national origin, retaliation, and harassment. She denied St. Luke's claim that her refusal to work in the emergency room constituted insubordination because under the "cluster" provision of the governing collective bargaining agreement, intensive care unit nurses are not required to report to the emergency room unit.

St. Luke's removed the action to federal court pursuant to 28 U.S.C. § 1441(b), alleging that Detabali's contractual

claims were preempted by § 301 of the LMRA. Detabali filed a first amended complaint with the district court, omitting the previous claims for breach of contract, fraud, and breach of the covenant of good faith and fair dealing, but alleging claims for employment discrimination, retaliation, and harassment in violation of the FEHA, failure to prevent discrimination, and tortious termination. The district court granted St. Luke's motion to dismiss Detabali's first amended complaint, ruling that her FEHA employment discrimination and retaliation claims were preempted by § 301 of the LMRA, and that she had failed to exhaust the grievance procedures set forth in § 301 of the LMRA. The district court also held that Detabali failed to support her harassment claim with allegations that she was harassed based on her race, national origin, or age. Although the district court gave Detabali leave to amend her first amended complaint to plead federal claims pursuant to § 301 of the LMRA, the court instructed Detabali not to replead the preempted claims, and to replead her harassment claim with facts demonstrating that she was harassed based on her membership in a protected class.

Detabali filed a second amended complaint, in which she repled the FEHA claims that the district court previously held were preempted and did not plead claims that were fully exhausted or within the LMRA's statute of limitations. Detabali also failed to plead additional factual allegations in support of her harassment claim. The district court granted St. Luke's motion to dismiss Detabali's second amended complaint and personally sanctioned Katz in the sum of $1,000.

Detabali timely appealed the district court's dismissal of her complaint and the imposition of sanctions on Katz.

## JURISDICTION AND STANDARDS OF REVIEW

The district court purported to exercise original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b)-(c). We have jurisdiction under 28 U.S.C. § 1291.

Defects in subject matter jurisdiction are nonwaivable and may be raised at any time, including on appeal. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Galvez v. Kuhn*, 933 F.2d 773, 775 n.4 (9th Cir. 1991). Because judgment has been entered in this matter, the question is "not whether removal was proper, but whether the district court had jurisdiction at the time it issued its judgment." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).

We review a district court's finding of preemption under § 301 of the LMRA de novo. *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc).

We review sanctions imposed pursuant to Federal Rule of Civil Procedure 11 for abuse of discretion. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 750 (9th Cir. 1993).

## DISCUSSION

### I.

**[1]** Section 301 of the LMRA preempts a state-law claim "if the resolution of [that] claim depends upon the meaning of a collective-bargaining agreement." *Id*. at 748 (quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988)). "The plaintiff's claim is the touchstone for this analysis; the need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim. If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the [collective bargaining agreement] in mounting a defense." *Cramer*, 255 F.3d at 691. A "reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." *Ramirez*, 998 F.2d at 749.

**[2]** "Causes of action that only tangentially involv[e] a provision of a collective-bargaining agreement are not preempted

by section 301. Nor are causes of action which assert nonne-gotiable state-law rights . . . independent of any right established by contract." *Id.* at 748 (alteration in the original) (citations and internal quotation marks omitted). "A discrimination claim need not be preempted merely because certain aspects of the collective bargaining agreement govern work assignments and discharges." *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1525 (9th Cir. 1995) (internal quotation marks omitted).

In *Ramirez*, we considered a claim that Fox Television Stations, Inc. had discriminated against an employee on the basis of her national origin in violation of the FEHA. 998 F.2d at 746. In rejecting Fox's argument that Ramirez's claims required the interpretation of the collective bargaining agreement, we explained:

> The Bargaining Agreement will likely be referred to by Ramirez and Fox to determine the terms and conditions of her employment. But her underlying cause of action is that Fox discriminated against her in applying and/or altering those terms and conditions. Although the inquiry may begin with the Bargaining Agreement, it certainly will not end there.

*Id.* at 748-49.

**[3]** Detabali alleges that St. Luke's discriminated against her on the basis of her race and ethnicity. The viability of Detabali's FEHA claims depends on whether she was legitimately terminated for refusing to work outside of her cluster. In order to make this determination, the court will have to refer to the cluster provision of the collective bargaining agreement. However, because there is no dispute over the meaning of any terms within the agreement, resolution of the central issue—whether St. Luke's discriminated against Detabali in applying the agreement— does not depend on interpretation of the collective bargaining agreement.

**[4]** We see no need to depart from a long line of our cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA. *See, e.g., Jimeno*, 66 F.3d at 1522; *Ramirez*, 998 F.2d at 748-49; *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir. 1990); *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 644 (9th Cir. 1989); *Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517-18 (9th Cir. 1988). We hold that the district court erred in finding that Detabali's FEHA discrimination and retaliation claims were preempted by § 301 of the LMRA and in dismissing these claims for failure to exhaust the grievance procedure under § 301 of the LMRA. Because Detabali's claims were not pre-empted by § 301 of the LMRA, the district court lacked juris-diction over her case and, therefore, we also reverse the district court's dismissal of her FEHA harassment claim.

## II.

Detabali argues that the district court abused its discretion in imposing sanctions against Katz. St. Luke's asserts that we lack jurisdiction to review the imposition of sanctions against Katz because Detabali lacks standing to appeal an order imposing sanctions against her attorney and Katz was not a named party in the notice of appeal.

**[5]** We disagree with St. Luke's. In *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146 (9th Cir. 2003), this court found that it had jurisdiction to hear counsel's appeal from the district court's order imposing sanctions against him even though the counsel's name did not appear on the notice of appeal. *Id*. at 1149. We explained that "[u]nder revised [Federal Rule of Appellate Procedure] 3(c), if it appears on the face of the notice that an appeal is intended by a party not named, then the appeal is deemed well taken." *Id*. at 1148. We found:

> Counsel's intent is clear from the face of the notice of appeal. The notice of appeal directly challenges

only the sanctions against Retail Flooring's counsel. Counsel was aware that the notice of appeal challenged only the sanction against him: his name appears on the notice as the attorney for Retail Flooring and he signed and filed the notice of appeal.

*Id.* at 1149. The reasoning of *Retail Flooring* is applicable to this appeal. Like counsel in *Retail Flooring*, Katz prepared, signed, and filed Detabali's notice of appeal. Although Detabali's notice of appeal differs from the notice of appeal filed in *Retail Flooring* in that it challenges the district court's dismissal of the FEHA claims in addition to the order imposing sanctions, Katz's intent to appeal is clear from the face of the notice of appeal.[1] We rule that Katz's clear intent to appeal the district court's sanction makes him a party to this appeal under Rule 3(c), and that we have jurisdiction to entertain the appeal. *See id.*

**[6]** We hold that the district abused its discretion in imposing sanctions on Katz. Katz's repleading of Detabali's FEHA claims preserved them for this appeal and our decision in this case demonstrates the merits of his decision. We believe it would be perverse to uphold an award of sanctions against counsel for taking actions that ultimately preserved his client's right to proceed with her case. We reverse the district court's award of sanctions.

## CONCLUSION

We reverse the district court's dismissal of Detabali's FEHA claims and its imposition of sanctions against Katz. We remand to the district court with instructions to remand the case to the San Francisco Superior Court.

---

[1]Katz's belief that he is a party to the appeal is further apparent from the opening brief, in which he states, "Detabali and Katz appeal."

Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**