

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE BROWN,

        Plaintiff - Appellant,

v.

BROTMAN MEDICAL CENTER, INC.,

        Defendant - Appellee.

No. 12-56905

D.C. No. 2:12-cv-07030-R-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 10, 2014
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District
Judge.[**]

    George Brown appeals from the district court's dismissal of various claims

against defendant Brotman Medical Center that arose when Brotman terminated

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Paul L. Friedman, Senior District Judge for the U.S.
District Court for the District of Columbia, sitting by designation.

Brown's employment following his altercation with a patient. We have jurisdiction under 28 U.S.C. § 1291.We affirm in part and reverse in part.

The district court held that each of Brown's claims was preempted under Section 301 of the Labor Management Relations Act. The LMRA authorizes the development of "a federal common law of CBA interpretation" and "preempts the use of state contract law in CBA interpretation and enforcement."*Cramer v. Consol. Freightways*, *Inc.*, 255 F.3d 683, 689 (9th Cir. 2001) (en banc). A state law claim is preempted if it "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Id.* at 693.

We reverse the district court's decision that Brown's assault and battery tort claim is preempted by the LMRA. The LMRA does not give parties "the ability to contract for what is illegal under state law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 212 (1985). State law prohibitions against assault and battery "exist independent of any contract," *Galvez v. Kuhn*, 933 F.2d 773, 777 (9th Cir. 1991), and Brown's tort claim thus does not require interpretation of the CBA. *See Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 998-9 (9th Cir. 2007).

We reverse the district court's decision that Brown's claim for intentional infliction of emotional distress is preempted by the LMRA. We have held that an

IIED claim will not be preempted if the CBA does not cover the allegedly extreme and outrageous conduct. *Humble v. Boeing Co.*, 305 F.3d 1004, 1013 (9th Cir. 2002). Brown's IIED claim is based on allegations of assault and battery and age discrimination by Brotman, behavior not covered by the CBA. *See Galvez*, 933 F.2d at 780; *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1088 (9th Cir. 1991).

We reverse the district court's decision that Brown's claim under California's Fair Employment and Housing Act is preempted by the LMRA. We have consistently held that the LMRA does not preempt FEHA claims. *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007). The rights that FEHA claims assert are "independent of collective-bargaining agreements." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 748 (9th Cir. 1993). Brotman argues that Brown's cause of action is preempted since it included an allegation that Brotman failed to follow the procedures for termination set forth in the CBA. Brown's claim, however, is that Brotman discriminatorily enforced the terms of the CBA; resolution of the claim will be based on Brotman's motivations for applying the CBA rather than the meaning of the CBA's terms. *See e.g., Detabali*, 482 F.3d at 1203.

We reverse the district court's decision that Brown's claim under section 1102.5(b) of the California Labor Code is preempted by the LMRA.

Under § 1102.5(b) of the California Labor Code, an employer may not retaliate against an employee for disclosing a violation of a state or federal statute, regulation, or rule. Cal. Lab. Code § 1102.5. To bring an § 1102.5(b) retaliation cause of action, an employee must meet three elements: "(1) the plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate, nonretaliatory explanation for its acts, and (3) the plaintiff show this explanation is merely a pretext for the retaliation." *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005). To establish a prima facie case for retaliation, a plaintiff must show that "(1) [h]e engaged in a protected activity, (2) h[is] employer subjected h[im] to an adverse employment action, and (3) there is a causal link between the two." *Id.*

The elements of this claim require an inquiry into the respective actions of the employer and employee in order to determine whether Brotman retaliated against Brown after he engaged in whistleblowing activity. This inquiry will not depend on interpretation of terms in the CBA. Brotman argues that Brown's claim is preempted since the CBA established a set of procedures for reporting hazardous incidents and those procedures must be interpreted in order to determine whether they prevented Brotman from engaging in protected whistleblowing activity. The CBA will not need to be interpreted, however, as whether or not Brotman's

4

procedures limited Brown's ability to engage in protected whistleblowing activity is not part of the claim.

We reverse the district court's decision that Brown's wrongful termination claim is preempted by the LMRA. A claim for wrongful termination in violation of public policy is not preempted if it "poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir.1987). California has established a clear public policy against workplace discrimination. *See* Cal. Gov't Code § 12920. Brown's wrongful termination claim is partially premised on allegations of age discrimination and would further a state interest in preventing workplace discrimination. This claim also does not require interpretation of the CBA as it focuses on Brotman's motivations for terminating Brown.

We affirm the district court's decision that Brown's claim under §6400 of the California Labor Code is preempted. Section 6400 establishes a potential duty of care for an employer regarding the physical conditions of the workplace. *See Burnette v. Godshall*, 828 F. Supp. 1439, 1446 (N.D. Cal. 1993). It does "not require an employer to take all conceivable steps to ensure safety, nor forbid an employer from adopting practices or methods which might conceivably result in

5

harm to an employee." *Cal. Corr. Supervisors Org., Inc. v. Dep't of Corr.*, 96 Cal. App. 4th 824, 831 (2002). Rather, §6400 gives employers "room for discretion" in their decisions about workplace safety. *Id.* In previous cases, plaintiffs have brought tort claims that alleged defendants violated a duty of care established by §6400. *See, e.g.*, *Waste Mgmt. Inc. v. Superior Court*, 119 Cal. App. 4th 105, 110 (2004).

Unlike Brown's intentional tort claims, this claim largely focuses on the general decisions that Brotman made in setting up its workplace. The CBA gives Brotman wide latitude in making determinations about management of the workplace as it reserves Brotman's right to "adopt rules of safety…to determine the type and scope of work to be performed and for the services to be provided to patients….to determine the methods processes, means and places of providing service to patients….[and] to determine the quality of patient's services." For this claim, it will be necessary for a court to interpret the terms of the CBA to determine the standard of care that Brotman agreed to assume and, in turn, whether Brotman's actions violated that duty. *See Burnette*, 828 F. Supp. at 1447. LMRA preemption replaces the plaintiff's claim with a claim under section 301 of the LMRA. *Lingle v. Norge Div.*, 486 U.S. 399, 403-406 (1988). Brown's claim is barred as it was not filed within the applicable six-month statute of limitations for

6

Section 301 claims. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983).

We have held that a district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA. *See Ellis v. Gelson's Markets*, 1 F.3d 1246 (9th Cir. 1993). A district court's exercise of supplemental jurisdiction is reviewed for abuse of discretion. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Brown's California Labor Code § 203 claim for waiting time penalties was brought in conjunction with the preempted § 6400 claim. There is no evidence that the district court abused its discretion in exercising supplemental jurisdiction over that claim.

The judgment of the District Court is **AFFIRMED IN PART AND REVERSED IN PART.** In so holding, we make no comment on the merits of Brown's claims or whether the district court should exercise supplemental jurisdiction over the non-preempted claims.

Each side shall bear their own costs.