**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEROME A. CLAY, JR., | No. 13-17523 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01028-GEB-CKD |
| v. | |
| PACIFIC BELL TELEPHONE COMPANY, INC., a California Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted January 20, 2016[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jerome A. Clay, Jr. appeals pro se from the district court's judgment

dismissing his action alleging various federal and state law claims related to his

employment.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir. 2003) (dismissal for failure to exhaust administrative remedies). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

The district court properly dismissed Clay's claim under California's Unruh Civil Rights Act because "the Unruh Civil Rights Act has no application to employment discrimination." *Rojo v. Kliger*, 801 P.2d 373, 380 (Cal. 1990).

The district court properly dismissed Clay's Title VII claim against the Communications Workers of America District 9 Union AFL-CIO ("Union") because Clay failed to exhaust his administrative remedies against the Union. *See Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies.").

The district court did not abuse its discretion by dismissing Clay's Unruh Civil Rights Act claim, and his Title VII claim against the Union without leave to amend because amendment would be futile. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) (setting forth standard of review and explaining that "[a] district court acts within its discretion to deny leave to amend

when amendment would be futile").

Although the district court properly dismissed Clay's Title VII claim against Pacific Bell Telephone Company, Inc. ("Pacific Bell") because Clay failed to allege facts sufficient to show a prima facie case of race discrimination, *see Leong*, 347 F.3d at 1124 (elements of discrimination claim under Title VII), dismissal without leave to amend was premature because amendment would not be futile, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." (citation and internal quotation marks omitted)).

The district court dismissed Clay's claims under the California Fair Employment and Housing Act ("FEHA") and Cal. Bus. & Prof. Code § 17200 on the ground they were preempted by the Labor Management and Relations Act ("LMRA"). However, not all of Clay's allegations required interpretation of the collective bargaining agreement to determine whether the alleged conduct was wrongful. *See Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) (finding no preemption where court will have to refer to provision of collective bargaining agreement, and discrimination claim "does not depend on interpretation of the collective bargaining agreement"; "We see no need to depart from a long

line of our cases holding that FEHA employment discrimination claims are not ipso facto preempted by § 301 of the LMRA." (citations omitted)).

Although dismissal of Clay's FEHA claims against the Union was proper because Clay failed to plead that he exhausted applicable administrative remedies, *see Rodriguez v. Airborne Express*, 265 F.3d 890, 896-97 (9th Cir. 2001) (outlining FEHA administrative remedies requirement), and dismissal of Clay's FEHA and Cal. Bus. & Prof. Code § 17200 claims against Pacific Bell was proper on the same ground as dismissal of the Title VII claim against Pacific Bell, *see Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) ("California courts apply the Title VII framework to claims brought under FEHA."); *Aleksick v. 7-Eleven, Inc.*, 140 Cal. Rptr. 3d 796, 801 (Cal. App. 2012) ("When a statutory claim fails, a derivative UCL claim also fails."), dismissal of these claims without leave to amend was premature, *see Akhtar*, 698 F.3d at 1212.

Accordingly, we reverse the judgment as to Clay's Title VII claim against Pacific Bell, and FEHA and § 17200 claims against the Union and Pacific Bell, and remand to the district court for further proceedings consistent with this disposition.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**