Opinion by Judge TASHIMA; Dissent by Judge TALLMAN.
TASHIMA, Circuit Judge:
Plaintiffs-Appellants Jeffrey and Sherry Sneller (together, the “Snellers”) appeal from a $24,000 sanction award to Defendants-Appellees the City of Bainbridge Island (the “City”), Meghan McKnight, Bob Earl, and Darlene Kordonowy (collectively, “Defendants”) under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. The Snellers argue that imposition of the sanction was error because they effectively withdrew any claims that violated Rule 11(b) during the safe harbor period, before Defendants filed their motion for sanctions. We agree and therefore reverse.[1]
BACKGROUND
This case arises from a land use dispute between the Snellers and the City over the Snellers’ efforts to develop property which included a wetland. The Snellers brought suit in federal court against the City, several of its employees, and other defendants no longer parties to this appeal.
The City, alleging that certain claims were frivolous, requested that those claims be dropped and that the individual City employees be dismissed from the lawsuit. The City prepared a motion for sanctions under Rule 11 and 28 U.S.C. § 1927 and served the motion on the Snellers’ attorney on August 1, 2008. The motion specifically requested that the Snellers drop their claim for violations of the Washing *638 ton State Constitution, their claim of civil conspiracy, and all claims against the individual defendants. The City also moved for partial summary judgment on the Snellers’ state constitutional law and civil conspiracy claims, as well as all claims against the individual defendants employed by the City.
Three days before the end of the safe harbor period, the Snellers filed a motion to amend their complaint and submitted a proposed Third Amended Complaint which omitted each of the claims referenced in Defendants’ motion for sanctions. The Third Amended Complaint, however, added two new causes of action.
After the motion for sanctions was served on the Snellers and the 21-day safe-harbor period required by Rule 11, see Fed.R.Civ.P. 11(c)(2), had passed, the City filed the motion for sanctions with the district court. On September 22, 2008, the district court granted the City’s motion for partial summary judgment, denied the Snellers’ motion to amend their complaint, and granted the City’s motion for sanctions. The court granted the sanction under both Rule 11 and § 1927 against the Snellers and their counsel of record.
On October 27, 2008, the Snellers moved to dismiss with prejudice their remaining federal claims and all claims against the individual defendants. They also sought to dismiss without prejudice their remaining state law claims. The district court granted the Snellers’ motion to dismiss, and the Snellers now appeal the imposition of sanctions under Rule 11 and 28 U.S.C. § 1927.
JURISDICTION
We have jurisdiction over the final decisions of the district courts under 28 U.S.C. § 1291. Ordinarily, a voluntary dismissal without prejudice is not an appealable final judgment. Concha v. London, 62 F.3d 1493, 1507 (9th Cir.1995). However, “when a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291.” James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1070 (9th Cir.2002).
Here, the Snellers suffered an adverse partial judgment when the district court granted the City’s motion for partial summary judgment, there is no evidence that the Snellers moved to dismiss the claims without prejudice in order to manipulate appellate jurisdiction, and Defendants do not contend otherwise. Instead, the Snellers’ reason for the dismissal, that the remaining claims are state law claims and that any future suit will be in state court, appears legitimate. See Am. States Ins. Co. v. Dastar Corp., 318 F.3d 881, 888 (9th Cir.2003) (noting that the plaintiff in James offered a legitimate reason for dismissal). We therefore have jurisdiction over this appeal pursuant to § 1291.
ANALYSIS
I.
We review the district court’s imposition of Rule 11 sanctions for abuse of discretion. Detabali v. St. Luke’s Hosp., 482 F.3d 1199, 1203 (9th Cir.2007). A district court abuses its discretion when it applies the incorrect legal standard or bases its ruling “on a clearly erroneous assessment of the evidence.” Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or par *639 ty that brings a claim for an improper purpose or without support in law or evidence. Rule 11(c), however, provides a 21-day safe harbor period. Under this provision, Rule 11 sanctions may not be imposed if the challenged claim is withdrawn within 21 days after service of the sanctions motion. Fed.R.Civ.P. 11(c)(2); see also Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998). The question before this court is whether the Snellers’ challenged claims were “withdrawn” for purposes of Rule 11 within the safe harbor period.
On August 1, 2008, Defendants served the Snellers with a Rule 11 motion requesting that Plaintiffs dismiss their claims for violations of the Washington State Constitution, civil conspiracy, and all claims against the individual defendants. The Snellers responded eighteen days later with a Motion for Leave to Amend their complaint so as to satisfy these requests. The Snellers’ proposed Third Amended Complaint omitted each of the claims referenced in Defendants’ motion for sanctions. By filing the motion to amend within the 21-day safe harbor period, the Snellers withdrew all of the challenged claims as required by Rule ll.[2] There is nothing more that the Snellers were required to do in terms of withdrawing the challenged claims. See Truesdell v. S. Cal. Permanente Med. Group, 293 F.3d 1146, 1153 (9th Cir.2002) (noting that amendment of a complaint cures a Rule 11 defect). Although the dissent suggests that there were several other ways, besides a motion to amend, for the Snellers to withdraw their offending claims, the availability of those additional suggested methods, even if true, are irrelevant. All that Rule 11 required is that the Snellers withdrew their claims within the safe harbor period. As explained above, they did.
Defendants contend that the Snellers did not withdraw their challenged claims as required by Rule 11 because they did not dismiss their claims with prejudice under Rule 41(a)(l)(A)(ii), their proposed amendment to the complaint added new causes of action, and they failed completely to excise the names of one of the individual defendants from their Third Amended Complaint.
The Rule 11 safe harbor provision, by its plain language, does not require that a party drop its claims with prejudice.[3] All that Rule 11 requires is that the offending pleading be withdrawn. Rule 11 also does not require that a party voluntarily dismiss its entire case under Rule 41(a)(l)(A)(ii) where the motion for sanctions references only some of the claims or parties set forth in a complaint. Filing a motion for leave to amend the complaint under Rule 15 thus constitutes effective withdrawal because it is the only procedure available under the rules to withdraw individual challenged claims. See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687-88 (9th Cir.2005) (noting that Rule 15, rather than Rule 41, controls the situation where a plaintiff desires to eliminate some but not all of its claims).
It is true that the Third Amended Complaint added two new causes of action. *640 However, for Rule 11 purposes, it makes no difference that the proposed amended complaint may have included additional offending claims. The Rule 11 motion is directed only at the claims made in the Second Amended Complaint. Those yet-to-be-filed claims are not the subject of this Rule 11 motion. The proper procedure for challenging any newly-alleged offending claims, if the amended pleading is allowed, is to file a new Rule 11 motion.[4]
Finally, although the Third Amended Complaint mentions City employee Meghan McKnight in describing the factual context of the case, she is not named as a defendant in the caption of the complaint, nor does her name appear in any of the sections describing the Snellers’ causes of action, and the Third Amended Complaint seeks no relief against her. Because the Third Amended Complaint cannot be interpreted as asserting a claim against McKnight or any of the other individual defendants, the mere reference to McKnight in the Third Amended Complaint is an insufficient basis to support the sanction.
At the end of the day, the Snellers did all that they were required to do to withdraw the offending claims during the safe harbor period. Because their motion was filed within the 21-day safe harbor period, the Snellers complied with Rule ll’s requirement that the challenged claim be “withdrawn or appropriately corrected.” That was all that was required of them in order to receive the benefit of the safe harbor provision.[5]
II.
Because the sanction cannot be upheld under Rule 11, we must next examine whether it can be affirmed on the alternative basis on which the district court expressly relied, 28 U.S.C. § 1927, to support the imposition of the sanction. The short answer is that it cannot. The sanction here was imposed jointly on counsel and the client, but § 1927 authorizes sanctions only upon counsel. See FTC v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir.1986). Moreover, the district court made no finding that counsel did, or acted with the purpose to, “so multiply] the proceedings ... unreasonably and vexatiously,” 28 U.S.C. § 1927, or that counsel acted recklessly or in bad faith. See B.K.B. v. Maui Police Dep’t, 276 F.3d 1091, 1107 (9th Cir.2002). Thus, the alternative basis for the sanction must also be reversed as unauthorized by the statute.
CONCLUSION
While we agree with the district court that the Snellers and their counsel’s conduct of this litigation in the district court was less than exemplary and understand the district court’s frustration; nonetheless, for the reasons we have explained, the district court’s order imposing sanc *641 tions on the Snellers and their counsel under Rule 11 and § 1927 must be and is
REVERSED.

. The Snellers also argue that Defendants failed to comply with the procedural requirements of Rule 11, as set forth in Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 788-89 (9th Cir.2001). Because we conclude that the sanctions must be reversed, we need not rule on this question.

. Although Defendants assert that the Snellers waived this argument by not presenting it to the district court, the Snellers did inform the district court that the amended complaint withdrew the challenged claims. This was sufficient to preserve their argument that the motion to amend their complaint within the safe harbor period made sanctions improper.

. It is possible, for example, that a party may later develop subsequent facts which would allow the party to reassert the claim in compliance with Rule ll’s non-frivolousness requirement.

. The dissent also implies that Rule 11 sanctions were proper because of the Snellers’ discovery conduct. Diss. at 643, 644-45. Rule 11, however, was not intended to, and does not, reach discovery conduct, even if sanctionable. The proper way to sanction discovery misconduct is through the procedures provided under Fed.R.Civ.P. 37, not under Rule 11. Neither the City nor the court sua sponte ever instituted any proceedings under Rule 37.

. The dissent notes that "the motion to amend the complaint was noted for four weeks after the close of the safe harbor period,” Diss. at 644, and criticizes the Snellers for not "not[ing] the motion during the safe harbor period to ensure that the withdrawal actually occurred during that period.” Diss. at 644. Under Local Rule 7(d)(3) of the Western District of Washington, however, it could not have been noted any earlier because the rule requires a minimum of three weeks’ notice.