**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY RADIN,

                Plaintiff - Appellant/Appellee,

   v.

DARLENE HUNT and SHOWTIME
NETWORKS, INC., a Delaware
corporation,

           Defendants - Appellees/Appellants.

Nos. 11-57228
      12-55432

D.C. No. 2:10-cv-08838-JAK-SS

MEMORANDUM[*]

Appeals from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted November 9, 2012
Pasadena, California

Before: BRIGHT,[**] GRABER, and IKUTA, Circuit Judges.

     Plaintiff Nancy Radin appeals the district court's denial of additional

discovery to her, its grant of summary judgment to Defendants Darlene Hunt and

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**] The Honorable Myron H. Bright, Senior Circuit Judge for the United
States Court of Appeals for the Eighth Circuit, sitting by designation.

Showtime Network, Inc., and its award of attorney fees to Defendants under 17 U.S.C. § 505. Defendants cross-appeal the denial of their motion for sanctions under Federal Rule of Civil Procedure 11. We affirm.

1. The district court did not abuse its discretion in denying additional discovery. Tatum v. City of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006). It permissibly rested its decision on its determination that Plaintiff's failure to engage in discovery earlier was not excusable. See Pfingston v. Ronan Eng'g Co., 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of [additional discovery].").

2. The district court correctly granted summary judgment to Defendants as to Plaintiff's copyright infringement claim. Viewing the evidence in the light most favorable to Plaintiff, Mortimer v. Baca, 594 F.3d 714, 721 (9th Cir. 2010), no reasonable jury could conclude either that Defendants had access to Plaintiff's work or that the two works are substantially similar—much less strikingly similar, see Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1076 (9th Cir. 2006) (holding that, to establish copying, a plaintiff generally must show both access and substantial similarity); Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000) (stating that an inference of copying may arise without evidence of access where the works are "strikingly similar").

2

3. Nor did the district court apply an incorrect standard in assessing Defendants' Rule 11 motion. The district court's statement is consistent with Rule 11, as it evinces a concern with the merit of Plaintiff's suit as it developed in litigation, and not just at the time of filing. See Fed. R. Civ. P. 11(b). Further, when the statement is read in context, it is clear the court did not rest its denial of sanctions on the sincerity of Plaintiff's beliefs regarding the merits. Neither did the court abuse its discretion in awarding attorney fees to Defendants. Omega S.A. v. Costco Wholesale Corp., 541 F.3d 982, 984 (9th Cir. 2008). There is no rule against awarding fees under 17 U.S.C. § 505 where a third party indemnifies a litigant's legal expenses. The district court permissibly applied the factors identified in Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 n.19 (1994).

4. With respect to Defendants' cross-appeal, the district court did not abuse its discretion in declining to impose Rule 11 sanctions against Plaintiff or her counsel. Sneller v. City of Bainbridge Island, 606 F.3d 636, 638 (9th Cir. 2010). Plaintiff's copyright claim rested on recognized legal theories and, although it was ultimately inadequate to survive summary judgment, the decision of Plaintiff's counsel to pursue the claim was not so factually baseless as to require the district court to impose sanctions. See Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.), 78 F.3d 431, 434 (9th Cir. 1996) (reversing sanctions award and

3

holding that, to warrant Rule 11 sanctions, a filing must be "frivolous"—that is, "both baseless and made without a reasonable and competent inquiry." (internal quotation marks omitted)).

**AFFIRMED.**