**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MURIEL B. SETO; FRIENDS OF HE'EIA STATE PARK; HUI MALAMA 'AINA O LAIE; DAWN K. WASSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> LAURA THIELEN, as Director of the Department of Land and Natural Resources of the State of Hawaii, and in her capacity as Chair of the Board of Land and Natural Resources, and in her personal capacity; LINDA LINGLE, in her capacity as Governor of the State of Hawaii; DANIEL QUINN, in his capacity as Administrator of the Parks Division of Department of Land and Natural Resources and in his personal capacity; CURT COTTRELL, in his capacity as Member of Department of Land and Natural Resources He'eia State Park Lease Selection Committee, Department of Land and Natural Resources of the State of Hawaii, and other DLNR scope of employment duties, and in his personal capacity; STEVEN THOMPSON, in his capacity as Chairman of Department of | No. 11-15510 <br><br> D.C. No. 1:10-cv-00351-SOM-BMK <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Land and Natural Resources, He'eia State Park Lease Selection Committee, Department of Land and Natural Resources of the State of Hawaii, and other DLNR scope of employment duties, and in his personal capacity; RAYMOND SANBORN, in his capacity as President and Chairman of the Board of Kama'aina Care Inc., and in his personal capacity; KAMA'AINA CARE INCORPORATED; JOHN AND JANE DOES 1-40; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-30; OTHER DOE ENTITIES 1-30,

              Defendants - Appellees.

---

MURIEL B. SETO; FRIENDS OF HE'EIA STATE PARK; HUI MALAMA 'AINA O LAIE; DAWN K. WASSON,

              Plaintiffs - Appellants,

  v.

LAURA THIELEN, as Director of the Department of Land and Natural Resources of the State of Hawaii, and in her capacity as Chair of the Board of Land and Natural Resources, and in her personal capacity; LINDA LINGLE, in her capacity as Governor of the State of Hawaii; DANIEL QUINN, in his capacity as Administrator of the Parks Division of Department of Land and Natural

No. 12-15099

D.C. No. 1:10-cv-00351-SOM-BMK

2

Resources and in his personal capacity; CURT COTTRELL, in his capacity as Member of Department of Land and Natural Resources He'eia State Park Lease Selection Committee, Department of Land and Natural Resources of the State of Hawaii, and other DLNR scope of employment duties, and in his personal capacity; RAYMOND SANBORN, in his capacity as President and Chairman of the Board of Kama'aina Care Inc., and in his personal capacity; STEVEN THOMPSON, in his capacity as Chairman of Department of Land and Natural Resources, He'eia State Park Lease Selection Committee, Department of Land and Natural Resources of the State of Hawaii, and other DLNR scope of employment duties, and in his personal capacity; KAMA'AINA CARE INCORPORATED; JOHN AND JANE DOES 1-40; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-30; OTHER DOE ENTITIES 1-30,

Defendants - Appellees.

Appeals from the United States District Court
for the District of Hawaii
Susan Oki Mollway, Chief District Judge, Presiding

Before: GRABER, BYBEE, and CHRISTEN, Circuit Judges.

In case No. 11-15510, Muriel B. Seto, Friends of He'eia State Park, Hui Malama 'Aina O Laie, and Dawn K. Wasson ("Plaintiffs") appeal from (1) the district court's order dismissing Plaintiffs' verified complaint under Federal Rule of Civil Procedure 41(b), (2) the magistrate judge's order denying Plaintiffs' Motion to Seek Leave to File First Amended Complaint, (3) the district court's order denying Plaintiffs' Motion to Disqualify Judge Susan Oki Mollway From Hearing Further Matters in the Above Entitled Case, and (4) the district court's order dismissing Plaintiffs' ninth cause of action. In case No. 12-15099, Plaintiffs appeal from the district court's order adopting the magistrate judge's findings and recommendations and imposing Federal Rule of Civil Procedure 11 sanctions against counsel in the amount of $70,257.66. The facts are known to the parties. We affirm.

**No. 11-15510**

1. We review a district court's "dismissal for failure to comply with a court order under [Federal Rule of Civil Procedure] 41(b) . . . for abuse of discretion."

---

[**] The panel unanimously concludes case No. 11-15510 is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *see also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008) ("Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint with prejudice for failure to comply with Rule 8(a)."). We will reverse a district court's decision as an abuse of discretion only where we "determine de novo [that] the trial court identified the [in]correct legal rule to apply," or we "determine [that] the trial court's application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc) (internal quotation marks omitted).

"District courts have inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Dismissal is a harsh penalty, however, so a district court must only employ this measure in "extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). *But see McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("The harshness of a

5

dismissal with prejudice is directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." (internal quotation marks omitted)).

Here, Plaintiffs' verified complaint was in clear violation of Federal Rule of Civil Procedure 8. *See McHenry*, 84 F.3d at 1177; *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). Plaintiffs repeatedly failed to comply with the district court's orders directing them to remedy the drastic shortcomings of their pleadings. Defendants incurred expenses defending against Plaintiffs' allegations and, without knowing the crux of the claims leveled against them, were unfairly handicapped in defending themselves if the case went forward. Moreover, Plaintiffs were warned several times that failure to comply with the district court's orders would result in automatic dismissal. The district court did not abuse its discretion in dismissing Plaintiffs' verified complaint.

2. A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 & n.1 (9th Cir. 1985), *superseded by rule on other grounds as recognized by*

6

*Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). Federal Rule of Civil Procedure 72(a) provides, however, an opportunity for a party to file objections to the magistrate judge's order, and "[a] party may not assign as error a defect in the [magistrate judge's] order not timely objected to." Fed. R. Civ. P. 72(a). We have held that "a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order." *Simpson*, 77 F.3d at 1174. Plaintiffs failed to file any objections to the magistrate judge's nondispositive order, forfeiting their right to appellate review of this issue.

3. We review a "district court's determination of whether recusal or disqualification is necessary," under 28 U.S.C. § 455, for an abuse of discretion. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1294 (9th Cir. 1992). "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality." *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 844 (9th Cir. 1994).

The record is devoid of any indication that the district judge was personally biased against Plaintiffs, or had any personal knowledge of the case, or that any other reason existed for disqualifying the district judge under 28 U.S.C. § 455.

7

The district court's characterization of Plaintiffs as "disgruntled former tenants" and "unsuccessful bidders" did not evince any bias. Likewise, there is no evidence the district judge was predisposed against Plaintiffs or had predetermined the case. Nothing in the record raises any objective question as to the district judge's impartiality in this case. Thus, the district court did not abuse its discretion in denying the motion for disqualification.

4. We need not reach Plaintiffs' challenge to the district court's order dismissing their ninth cause of action because it is moot given that the district court did not err in dismissing the verified complaint for failure to comply with Federal Rule of Civil Procedure 8. But, regardless, the district court did not err in dismissing Plaintiffs' ninth cause of action based on the National Historic Preservation Act. *See Shanks v. Dressel*, 540 F.3d 1082, 1092 (9th Cir. 2008).

**No. 12-15099**

We review a district court's imposition of sanctions under Federal Rule of Civil Procedure 11 for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010). Federal Rule of Civil Procedure 11 "authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper

8

purpose or without support in law or evidence." *Sneller*, 606 F.3d at 638–39; *see also* Fed. R. Civ. P. 11(b), (c).

> When, as here, a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal quotation marks omitted). Here, Plaintiffs' verified complaint was wholly without legal basis, and there is no evidence that Plaintiffs' counsel engaged in adequate legal research prior to filing the verified complaint. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127–29 (9th Cir. 2002).

Moreover, the motion for sanctions under Federal Rule of Civil Procedure 11 was not barred by res judicata because the previous "Motion for Award of Costs and Stay of Proceedings Pursuant to FRCP 41(d)" did not present an identity of either claims or issues. *See Cell Therapeutics Inc. v. Lash Grp. Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010); *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003). The district court did not err in dismissing Harold Shepherd from the motion for sanctions because Shepherd did not sign the relevant pleadings. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546 (1991).

9

Plaintiffs have not disputed the reasonableness of the amount of sanctions. Therefore, the district court did not abuse its discretion in granting the motion for sanctions in the amount of $70,257.66.

The district court's judgments in case No. 11-15510 and case No. 12-15099 are AFFIRMED.