**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOHN BELCHER, | No. 11-17322 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01234-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted May 10, 2013[**]
San Francisco, California

Before: W. FLETCHER, GOULD, and CHRISTEN, Circuit Judges.

John Belcher, a successful Social Security benefits claimant, appeals the

district court's reduction and denial of his requests for supplemental attorneys' fees

under the  Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  We review a

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's denial of attorneys' fees under the EAJA for abuse of discretion. *See Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse in part.

In its denial or reduction of attorneys' fees, the district court must offer a clear and concise explanation, but the explanation does not need to be elaborate. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). A district court has "substantial discretion in fixing the amount of an EAJA award." *Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990).

Here, the magistrate judge adequately explained his reasoning for rejecting fees incurred to correct a clerical error made by the court, and for reducing fees incurred attempting to settle the supplemental fee application. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (district court has significant discretion due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). The magistrate judge also did not abuse his discretion by denying Belcher's second supplemental application for EAJA fees. *Jean*, 496 U.S. at 163 (district court can recognize and discount improper positions that unreasonably protract proceedings).

But the magistrate judge did abuse his discretion by reducing the award of fees for time spent preparing the reply brief from eight hours to two hours. The

2

district court's explanation that the issues briefed were "routine" was insufficient given the magnitude of the reduction. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1136–37 (9th Cir. 2012) (per curiam) (magistrate judge's explanation that issues briefed in opening memorandum were not "novel or complex" was insufficient to justify fifty percent reduction). Four hours is a reasonable amount of time for the preparation of the subject reply brief.

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part.**