**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEANDRA GRANT, an individual, <br><br> Plaintiff, <br><br> and <br><br> OKORIE OKOROCHA, Esquire, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> NATIONAL COLLEGE FOR DUI DEFENSE, a Washington corporation, <br><br> Defendant - Appellee. | No. 12-56622 <br><br> D.C. No. 2:12-cv-03255-GW-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Okorocha's request for oral argument, set forth in his opening brief, is denied.

Okorie Okorocha, an attorney representing plaintiff Deandra Grant, appeals pro se from the district court's order imposing sanctions on Okorocha under Rule 11 of the Federal Rules of Civil Procedure. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990), and we affirm.

The district court did not abuse its discretion by sanctioning Okorocha under Rule 11 because the record supports the conclusion that Okorocha was not a proper plaintiff in his client's action and filed the amended pleading for the improper purpose of maintaining venue in the district court. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010) ("Rule 11 authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence."); *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987) (district court is entitled to broad discretion in setting the amount of a fee award).

We reject Okorocha's contention that the district court abused its discretion by awarding fees to defendant. *See* Fed. R. Civ. P. 11(c)(4) (sanction may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation").

**AFFIRMED.**