**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2015


MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| NOEL WAITE,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>CLARK COUNTY COLLECTION<br>SERVICE, LLC,<br><br>             Defendant - Appellee. | Nos. 13-15143, 13-16125<br><br>D.C. No. 2:11-cv-01741-LRH-<br>VCF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted March 12, 2015
San Francisco, California

Before:  BERZON, BYBEE, and OWENS, Circuit Judges.

Noel Waite prevailed in her underlying action against Clark County

Collection Service, LLC under the Fair Debt Collection Practices Act.  Waite

appeals from the district court's orders granting in part and denying in part her

motion for attorneys' fees, denying her motion for sanctions, and granting in part

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and denying in part CCCS's motion for attorneys' fees. We affirm in part, reverse in part, and remand for further proceedings.

A prevailing plaintiff in an FDCPA action is entitled to an award of reasonable attorneys' fees. 15 U.S.C. § 1692k(a)(3). Where, as here, one of the plaintiff's attorneys was not admitted to practice in the forum district and did not seek *pro hac vice* admission, the plaintiff may still recover fees for work performed by that attorney so long as the attorney did not "appear" in the action. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823 (9th Cir. 2009). An attorney who does not physically appear in court, sign pleadings, or serve as the exclusive contact with the client or opposing counsel has not appeared. *Id.* at 825.

The district court ruled that Waite was not entitled to fees for work performed by her unadmitted, out-of-state attorney, Tammy Hussin, because Hussin had communicated with Waite, handled all settlement negotiations with opposing counsel, supervised the work of Waite's in-state counsel, and reviewed and edited pleadings and discovery requests. However, Hussin never appeared in court, did not sign pleadings, and was not the exclusive contact with Waite or opposing counsel. For all of her work on the case, Hussin billed a total of only 2.0 hours. The district court's determination that Hussin appeared in the underlying

action was error. *See id.* The district court abused its discretion by refusing to award fees for Hussin's work.

The district court awarded Waite fees for work performed by her admitted, in-state counsel, Jennifer Tsai, but reduced Tsai's billable rate. In calculating a reasonable fee award, a district court has discretion to reduce an attorney's rate to ensure that it is "'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014) (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). In FDCPA actions, the "community" that a district court must consider in determining the prevailing market rate is the district in which the court sits. *See Camacho*, 523 F.3d at 979. Where a district court fails to make a determination of the reasonable hourly rate in the relevant community, remand is required. *See id.* at 979-81; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1206 (9th Cir. 2013).

The district court reduced Tsai's rate based solely on the fact that it matched Hussin's rate. The district court reasoned that because Hussin is much more experienced than Tsai, it was not reasonable for Tsai to charge the same amount that Hussin does. The problem with the district court's analysis is that because Hussin does not work in Nevada, she is outside the relevant community for

3                                                    13-15143

purposes of calculating Tsai's reasonable rate. *See Camacho*, 523 F.3d at 979. On remand, the district court must recalculate Tsai's rate to ensure that it is in line with the prevailing market rate charged by attorneys of similar skill and experience in the district of Nevada. In so doing, the court must, as always, "show [its] work." *Barnard v. Theobald*, 721 F.3d 1069, 1077 (9th Cir. 2013) (quoting *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013)).

In calculating Waite's fee award, the district court also reduced the hours Tsai billed in preparing the fee petition, from 4.8 hours to 1.0 hours (i.e., a 79% reduction). Although hours spent preparing a fee petition are recoverable, *Clark v. City of L.A.*, 803 F.2d 987, 992 (9th Cir. 1986), the district court has discretion to "exclude those hours for which it would be unreasonable to compensate the prevailing party," *Gonzalez*, 729 F.3d at 1203 (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)). The district court suggested three reasons for the reduction: (1) Tsai used a template to prepare the fee petition, (2) Tsai had drafted only one previous fee petition, and (3) two other attorneys reviewed the fee petition before it was filed. Although the district court's dramatic 79% reduction falls on the borderline of permissibility, a district court is afforded a "great deal of discretion" to determine a reasonable number of hours for which it provides a sufficient explanation. *Gates*, 987 F.2d at 1398; *see also Belcher v. Comm'r of*

*Soc. Sec.*, 522 F. App'x 401, 402 (9th Cir. 2013) (reversing 75% reduction of time spent on fee petition reply brief where explanation for reduction was insufficient). We therefore affirm the district court's decision to reduce Tsai's time.

Waite also contends that the district court erred in denying her motion for sanctions pursuant to Federal Rule of Civil Procedure 11. That motion was premised on the contention that CCCS made false, unfounded, and offensive allegations in its opposition to Waite's fee petition. We agree with the district court that the derogatory language in CCCS's opposition was inappropriate and irrelevant to the issues. We also agree, however, that CCCS had a legitimate basis for opposing Waite's fee petition and the factual allegations in CCCS's opposition were not unfounded. The district court did not abuse its broad discretion under Rule 11 by denying Waite's sanctions motion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

The district court did abuse its discretion by awarding CCCS its attorneys' fees incurred in opposing Waite's second sanctions motion. The district court ordered fees under 28 U.S.C. § 1927 because Waite and her counsel purportedly failed to grant CCCS an extension of time in which to oppose Waite's second sanctions motion and instead "requir[ed] defense counsel to file [a timely] opposition." That logic is confounding. It is the local rules, not opposing counsel,

that require a timely opposition, and only the district court, not opposing counsel, may extend the deadline for filing an opposition.  D. Nev. R. 7-2(b).  In addition, an award of sanctions under § 1927 requires a finding of recklessness or bad faith, and the district court made no such finding.  *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010).  The district court's award of fees to CCCS is reversed.

We deny Waite's motion for judicial notice of documents that are not relevant to the disposition of this appeal, *see Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010), and we deny Waite's request for reassignment on remand, as this case does not present "'rare and extraordinary circumstances'" justifying reassignment, *Krechman v. Cnty. of Riverside*, 723 F.3d 1104, 1112 (9th Cir. 2013) (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1118 (9th Cir. 2001)).  Waite is awarded costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

FILED

MAR 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Waite v. Clark County Collection Service, LLC*, Nos. 13-15143, 13-16125

BERZON, Circuit Judge, concurring in part and dissenting in part.

I join the disposition, with one very small exception: I would disapprove, as an abuse of discretion, the reduction of the hours Tsai spent preparing the fee petition to one hour.

In my experience, no lawyer could competently and accurately draft an initial fee request, however routine, in one hour, with a template or without, and with review by others or without. Filing a fee request requires checking local case law as to rates for comparable counsel; reviewing the hours spent and making billing judgment decisions; and collecting information on and explaining the professional background of the various billing lawyers and paralegals. To suggest all this should have been done in an hour is to encourage the filing of sloppy, unchecked work, which is not in the interest of the client, the courts, or opposing counsel. When the total number of hours billed for preparing the document was under five, it is hard to escape the conclusion that the reason for the reduction was the district court's overall disapproval of the Lemberg firm's manner of representation in Nevada, rather than a dispassionate determination of the appropriateness of the time spent.