**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHUCK NEUMANN; et al., | No.    16-55812 |
| Plaintiffs-Appellants, | D.C. No. 3:14-cv-01285-CAB-RBB |
| v. | |
| LINCOLN GENERAL INSURANCE COMPANY; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted April 9, 2018
Pasadena, California

Before:  SCHROEDER and M. SMITH, Circuit Judges, and DRAIN,[**] District Judge.

Plaintiff-Appellant Chuck Neumann and other Plaintiffs-Appellants were injured in an accident while they were passengers in a bus operated by Muh

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

Corporation ("Muh"), a company insured by Lincoln General Insurance Company ("Lincoln"). Plaintiffs-Appellants obtained a substantial arbitration award against Muh. Muh, which had unsuccessfully tendered Plaintiffs-Appellants' lawsuit to Lincoln for defense and indemnity coverage, assigned its rights against Lincoln to Plaintiffs-Appellants. Plaintiffs-Appellants subsequently filed suit against Lincoln. After almost a year of discovery, Plaintiffs-Appellants amended their complaint, adding three additional defendants: Walshire Assurance Company ("Walshire"), LGIC Holdings, LLC ("LGIC Holdings"), and Pro Global Insurance Services a/k/a Pro Global Insurance Solutions, PLC ("Pro Global"). After Plaintiffs-Appellants amended their complaint, Lincoln was placed into liquidation proceedings in Pennsylvania, and was eventually voluntarily dismissed from the present action. As for Walshire, LGIC Holdings, and Pro Global, the district court dismissed those defendants for lack of personal jurisdiction, pointing to the absence of contacts with California. *See Walden v. Fiore*, 134 S. Ct. 1115, 1121–22 (2014). Plaintiffs-Appellants now appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and we agree with the parties there has been no jurisdictional manipulation. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010) (no manipulation of

2

appellate jurisdiction when the reasons for a voluntary dismissal without prejudice are legitimate).

We review the dismissal for lack of personal jurisdiction *de novo*, *see Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1141 (9th Cir. 2017), and we affirm. Plaintiffs-Appellants allege that Walshire, LGIC Holdings, and Pro Global have some corporate ties to Lincoln, but have not shown that their "suit-related conduct [has] create[d] a substantial connection with the forum State," California. *Walden*, 134 S. Ct. at 1121. Because the proper focus of the inquiry is on Defendants-Appellees' contacts with California, not their alleged contacts with California residents, Defendants-Appellees' alleged contacts with Lincoln or with Plaintiffs-Appellants are not, without more, sufficient to serve as a basis for specific personal jurisdiction over Defendants-Appellees in California. *See id.* at 1122 ("[O]ur 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (citations omitted); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067–70 (9th Cir. 2017).

**AFFIRMED.**