NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCHE MEEKS, on behalf of himself and others similarly situated, | No. 18-15768 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-07129-YGR |
| v. | MEMORANDUM[*] |
| BLAZIN WINGS, INC., a Minnesota corporation; et al., | |
| Defendants, | |
| and | |
| YELP INC., a Delaware corporation; NOWAIT, INC., a Delaware corporation, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for

District Judge.

Dissent by Judge MILLER

The parties are familiar with the factual and procedural history of this case, which we repeat here only to the extent necessary to explain our decision. Because there is no final, appealable order at issue in this case, this appeal is dismissed for lack of jurisdiction.

1.     This Court has appellate jurisdiction over district courts' "final decisions." 28 U.S.C. § 1291. "[A]ny order . . . that adjudicates . . . the rights and liabilities of fewer than all the parties does not end the action . . . ." Fed. R. Civ. P. 54(b); *see also Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981). "A district court order is therefore not appealable unless it disposes of all claims as to all parties or unless judgment is entered in compliance with Federal Rule of Civil Procedure 54(b)." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). Here, there is no dispute that the Northern District order did not dispose of all claims as to all parties and that Appellant never sought partial judgment under Rule 54(b).

2.     "[T]he general rule in this circuit is that voluntary dismissals without prejudice do not create appealable, final judgments." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (internal quotation marks and

the Central District of California, sitting by designation.

citation omitted). The exception to the general rule, set forth in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002) does not apply here.[1] "[W]hen a party that has suffered an adverse partial judgment subsequently dismisses remaining claims without prejudice with the approval of the district court, and the record reveals no evidence of intent to manipulate our appellate jurisdiction, the judgment entered after the district court grants the motion to dismiss is final and appealable under 28 U.S.C. § 1291." *Id.* at 1070. Appellant has not satisfied either of the *James* exception's prerequisites. Indeed, Appellant does not so much as acknowledge that district court approval is necessary.[2] *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 888 (9th Cir. 2003) (finding even district court approval of a stipulation to dismiss without prejudice insufficient to constitute "approval" for purposes of the *James* exception).

---

[1] Although Appellant dismissed his claims pursuant to Rule 41(a)(1) and not Rule 41(a)(2), Appellant himself invokes the *James* exception, recognizing, as we have stated, that "[a]lthough the procedure for obtaining a voluntary dismissal under Rule 41(a)(1) is different from the procedure for obtaining voluntary dismissal under Rule 41(a)(2), the rules regarding appealability are generally the same." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Accordingly, in determining whether an appeal from a voluntary dismissal is appropriate, "we may look to cases that have considered the appealability of voluntary dismissals pursuant to Rule 41(a)(2)." *Id.* at 1507.

[2] Even if some version of the exception could apply even in the absence of district court approval, it would not do so here because, as explained below, there is evidence of an intent to manipulate jurisdiction. *See Munns v. Kerry*, 782 F.3d 402, 408 n.4 (9th Cir. 2015).

Furthermore, there is at least some evidence here of an intent to manipulate appellate jurisdiction. Appellant, of course, had an "absolute right" to dismiss his claims without prejudice. *See Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). Standing alone, his choice to exercise that right would not evince bad intent. Here, however, there are several other indications that Appellant intends, or intended, to pursue improper piecemeal appeals. *See Romoland*, 48 F.3d at 747; *James*, 283 F.3d at 1067. Appellant's contention that Yelp is the "key defendant," and that he does not intend to pursue claims against other defendants, is inconsistent with his litigation conduct in district court, his allegations that other defendants control the advertisements at issue in this case, and his other arguments to this Court, including the assertion that this appeal will affect the scope of Appellant's claims against other defendants. If, on the other hand, Appellant truly intends to proceed against Yelp alone, then the voluntary dismissal of the other defendants, with its attendant risk that the claims against those defendants will expire, presents no real risk at all, undercutting Appellant's claim that his assumption of risk indicates a lack of intent to manipulate jurisdiction. *See James*, 283 F.3d at 1066. Moreover, there is no merit to Appellant's contention that the Central District, in dismissing the remaining claims with leave to amend, somehow suggested that Appellant proceed with a separate claim against Yelp, which was no longer a party by the time the case was

transferred to the Central District. Lastly, Appellant's decision to file a Notice of Appeal in the Northern District rather than the Central District appears to be an attempt to manipulate appellate jurisdiction and obtain a remand to Appellant's preferred venue, despite the Northern District's order transferring the case to the Central District. *See, e.g.*, *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("[T]his court has adopted the docketing date in the transferee court as the time of effective transfer."); *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) ("Other circuits have held that a section 1404 transfer ends the jurisdiction of [] the transferor court . . . when the motion is granted and the papers are entered in the transferee court's records. . . . We adopt the docketing date as the time of effective transfer.") (internal citations omitted).

Appellant's eleventh-hour representation at oral argument that he does not intend to pursue claims against the non-Yelp defendants does not wipe the slate clean. Although in *Romoland* we did credit a "clarification" at oral argument in determining that the record did *not* reflect intentional manipulation, we cannot grant similar weight to Appellant's about-face in this case in light of the record as a whole. *See Romoland*, 548 F.3d at 748–49. Indeed, the question before us is not whether the record contains some evidence of innocent intent, but rather whether there is <u>any</u> evidence of improper motive. *See Munns*, 782 F.3d at 408 n.4 (finding dismissal final and appealable "[b]ecause the record reveals <u>no</u> evidence of intent

to manipulate our appellate jurisdiction . . . ." (emphasis added) (internal quotation marks omitted)).  Furthermore, "the whole point of having bright-line jurisdictional rules is to avoid the expense and effort of appeal in the first place. We cannot have a rule where parties are unable to determine appellate jurisdiction based on a facial examination of the record . . . ." *Romoland*, 548 F.3d at 759 (Wallace, J., concurring).

Accordingly, this appeal is dismissed for lack of jurisdiction.

**DISMISSED.**

*Meeks v. Yelp Inc.*, No. 18-15768

MILLER, Circuit Judge, dissenting:

As a general matter, a district court's order is appealable under 28 U.S.C. § 1291 only if "it disposes of all claims as to all parties." *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008). But we have held that when a district court has resolved a plaintiff's claims against some defendants, the plaintiff may obtain appellate review of that decision by dismissing the other defendants under Federal Rule of Civil Procedure 41(a)(1)(A). *See Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049–50 (9th Cir. 2001). As we explained, section 1291 does not "limit[] a plaintiff's absolute right to dismiss a defendant without prejudice—i.e., to 'unjoin' a defendant," and, in doing so, to convert a district court's order into one that disposes of all claims as to all parties. *Id.* at 1049. Here, after the district court entered an order resolving Meeks's claims against Yelp, Meeks voluntarily dismissed the other defendants. At that point, nothing more remained of the litigation, and under *Duke Energy*, the district court's order was final and appealable.

In reaching a contrary conclusion, the court emphasizes that "voluntary dismissals without prejudice do not create appealable, final judgments." *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (internal quotation marks omitted). But that means that the claims that have been voluntarily

1

dismissed are not themselves appealable. *See James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1070 (9th Cir. 2002) ("[W]hen a party that has suffered an adverse partial judgment subsequently dismisses remaining claims . . . the judgment entered after the district court grants the motion to dismiss is final and appealable."). *Gila Valley* does not undermine the holding of *Duke Energy* that a plaintiff may make a decision final by dismissing claims against other defendants.

Similarly, although it is true that when a plaintiff seeks a voluntary dismissal under Rule 41(a)(2), the dismissal requires "approval of the district court" to create a final, appealable judgment, that is not what happened here. *James*, 283 F.3d at 1070. Because the non-Yelp defendants had not yet filed an answer or a motion for summary judgment, Meeks voluntarily dismissed them under Rule 41(a)(1)(A)(i), not Rule 41(a)(2). While Rule 41(a)(2) permits dismissal "only by court order," Rule 41(a)(1)(A)(i) does not contain that requirement. In these circumstances, *Duke Energy* makes clear that a dismissal "requires no action on the part of the court." 267 F.3d at 1049.

By dismissing Meeks's appeal, the court leaves this litigation in a jurisdictional no man's land. In the district court, no further proceedings will take place, but for purposes of the court of appeals, there has been no final judgment. Perhaps Meeks could ask the district court to certify its order as a partial final judgment under Federal Rule of Civil Procedure 54(b), but it is unclear that the

2

district court could entertain such a request at this point. *Compare Williams v. Seidenbach*, 958 F.3d 341, 349 (5th Cir. 2020) (en banc), *with id.* at 360 (Oldham, J., dissenting); *see also Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1080 (9th Cir. 1999) ("[T]he district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed."). And if the district court were to choose not to exercise its discretion under Rule 54(b), the result would be that even though Meeks's claims against Yelp have been dismissed on the merits, Meeks would never be able to obtain appellate review of that dismissal.

It might be said that Meeks has only himself to blame for his predicament. Our cases warn that "'evidence of intent to manipulate our appellate jurisdiction' through the plaintiffs' voluntary dismissal of [other] defendants" could preclude the exercise of jurisdiction—even when plaintiffs exercise their right to dismiss a defendant without prejudice under Rule 41(a)(1)(A)(i). *Munns v. Kerry*, 782 F.3d 402, 408 n.4 (9th Cir. 2015) (quoting *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010)). As the court correctly observes, Meeks's litigation conduct initially indicated an intent to manipulate jurisdiction. Most notably, Meeks's response to this court's order to show cause explained that "[r]esolving the scope of Yelp's liability . . . is critical to determining the issues against the other defendants," implying that, once this appeal is over, he might seek to revive the claims against the other defendants.

3

Nevertheless, after some false starts, Meeks's counsel stated at oral argument that Meeks would treat the district court's dismissal of his claims against the non-Yelp defendants as if it were with prejudice. That representation by counsel eliminates any possibility that Meeks might attempt to revive the dismissed claims. Like other courts of appeals, we have held that such a representation is sufficient to confirm the finality of an order in these circumstances. *See, e.g.*, *Romoland Sch. Dist.*, 548 F.3d at 750–51; *accord Jewish People for the Betterment of Westhampton Beach v. Village of Westhampton Beach*, 778 F.3d 390, 394 (2d Cir. 2015); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 172–73 (3d Cir. 2000). I would do the same here.