**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEENAN G. WILKINS,

        Plaintiff-Appellant,

 v.

BARBER, First Name Unknown, Doctor;
S. GATES; R. RECAREY, Chief
Executive Officer; ANISE ADAMS, Chief
Executive Officer; R. SINGH, Chief
Physician; MANSOUR, First Name
Unknown, Doctor; AHMID DREDAR,
Doctor,

        Defendants-Appellees,

 and

CHRISTINE ESCOBAR; SPECIAL
APPEARANCE,

        Defendants.

No.   23-15511

D.C. No.
2:19-cv-01338-WBS-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted March 4, 2025[]

Before:  S.R. THOMAS, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff appeals the district court's judgment in favor of the defendants in his prisoner civil rights action.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the grant of summary judgment de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and affirm.

Summary judgment was proper for the defendant doctors, including Dr. Barber, Dr. Mansour, and Dr. Dredar, on plaintiff's Eighth Amendment deliberate indifference claim.  At most, plaintiff established a difference of medical opinion between himself and the doctors and medical expert regarding testing, treatment, and the type of pain medication ordered by the doctors.  Such a difference of opinion does not rise to the level of deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Toguchi*, 391 F.3d at 1058.

Plaintiff failed to offer sufficient evidence to establish that Dr. Barber acted with deliberate indifference after she referred plaintiff to the prison's pain-management committee.  Medical records establish that plaintiff consistently refused to see the doctor after receiving a referral.  As soon as the doctor was

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

informed that plaintiff had not been seen by the pain committee, the doctor contacted Medical Administration and asked medical staff to assist plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994) (deliberate indifference is not established "unless the official knows of and disregards and excessive risk to inmate health or safety").

Summary judgment was proper on the retaliation claim alleged against Dr. Barber. Plaintiff failed to establish that the doctor took adverse action against plaintiff because he threatened to sue her or that her actions did not advance legitimate security goals. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (setting forth the standard); *Nev. Dept. of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (noting that "[i]nstitutional security is a legitimate correctional goal").

Summary judgment was proper for the administrators and grievance officials on the claim alleging that they acted with deliberate indifference to plaintiff's serious medical needs when they reviewed the grievances and records related to care by the defendant doctors. *See Farmer*, 511 U.S. at 844 (officials are not liable if they "responded reasonably"); *Peralta v. Dillard*, 744 F.3d 1076, 1087 (9th Cir. 2014) (en banc) (administrative officials who lack relevant medical expertise do not act with deliberate indifference when they rely on the opinions of qualified

3

medical personnel). No evidence in the record supports plaintiff's assertions that defendants falsified all of the records in this case.

Plaintiff's argument that the district court erred by not liberally construing his motion papers and pleadings is unavailing. While "courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly," *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010), the *pro se* prisoner must nevertheless "identify or submit some competent evidence" that would preclude summary judgment, *see Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). The district court correctly applied the relevant standards in finding that plaintiff had not identified sufficient evidence to avoid summary judgment.

Plaintiff waived the claims against Defendant Escobar when he declined to amend his complaint and voluntarily dismissed her from the action. *See First Resort Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017) (claims that are dismissed with leave to amend and not repled are waived); *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010) (generally a party cannot appeal a voluntary dismissal without prejudice). Plaintiff has not established that the district court erred in dismissing defendant Le from the Second Amended Complaint, as the pleadings do not allege sufficient facts to show deliberate

4

indifference.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (conclusory allegations do not state a claim); *Farmer*, 511 U.S. at 837–83 (setting forth the deliberate indifference standard).

The district court had the discretion to dismiss the state law claims, as it had disposed of the federal claims.  28 U.S.C. § 1367(c)(3).

Plaintiff's motion for judicial notice (Dkt. Entry No. 39) is DENIED.  The relevant records are already part of the record in this case.

**AFFIRMED.**