

FILED

NOT FOR PUBLICATION

JUL 12 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

OLIVER PREISS and BEATRICE PREISS,

Plaintiffs - Appellants,

v.

ROY HORN and S&R PRODUCTION COMPANY,

Defendants - Appellees.

No. 11-17377

D.C. No. 2:10-cv-01795-RLH-RJJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted May 16, 2013[**]
San Francisco, California

Before: CLIFTON and BEA, Circuit Judges, and DUFFY, Senior District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kevin Thomas Duffy, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Oliver and Beatrice Preiss appeal the district court's order imposing sanctions under 28 U.S.C. § 1927 on their counsel in their Title VII employment discrimination action against S&R Production Co. ("S&R") and Roy Horn. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Plaintiffs' attorneys have standing to appeal the order of sanctions against them. These attorneys have made their intent to appeal the sanctions order clear by preparing, signing, and filing the notice of appeal, which lists them as the attorneys for Plaintiffs. *See Detabali v. St. Luke's Hospital*, 482 F.3d 1199, 1204 (9th Cir. 2007).

When a party's counsel "multiplies the proceedings in any case unreasonably and vexatiously," the court may require that counsel "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see also In re Girardi*, 611 F.3d 1027, 1060–61 (9th Cir. 2010). Appellants' counsel did so here.

Beatrice Preiss brought a negligent infliction of emotional distress ("NIED") action against Horn on the basis that she suffered emotional distress after watching a videotape of events involving her husband after those events occurred. In Nevada, a claim for NIED requires that the plaintiff have been "located near the scene" of the incident and be "emotionally injured by the contemporaneous

2

sensory observance" of the acts precipitating the NIED claim. *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999). *Boorman v. Nev. Mem'l Cremation Soc'y, Inc.*, 236 P.3d 4 (Nev. 2010) does not apply to the facts of this case because *Boorman* involved only the negligent handling of a corpse, which is a special type of NIED. *Id.* at 7–8. *Boorman* held that "close family members who were aware of the death of a loved one and to whom *mortuary services* were being provided may assert an emotional distress claim for the *negligent handling of a deceased person's remains against a mortuary*. Those persons do not need to observe or have any sensory perception of the offensive conduct, and do not need to present evidence of any physical manifestation of emotional distress." *Boorman*, 236 P.3d at 6 (emphases added). No such exception applies to the facts of this case. Further, Appellants did not make this argument to the district court below, and thus it is waived. *Gieg v. DDR, Inc.*, 407 F.3d 1038, 1046 n.10 (9th Cir. 2005).

Title VII claims can be brought only against a plaintiff's employer. *Arbaugh v. Y & H Corp*, 546 U.S. 500, 503 (2006). Oliver Preiss brought several claims under Title VII against S&R even though he conceded in a letter he wrote that he was never employed by S&R.

The district court did not abuse its discretion in finding that the motion to remand filed by plaintiffs was frivolous. *See Sparta Surgical Corp. v.*

3

*Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.").

Finally, the amount of attorneys' fees that the district court granted ($37,415) was not excessive. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992). The award was supported by the number of hours spent defending against Appellants' frivolous motions, and Appellants present no evidence to the contrary.

Appellees' request to dismiss the appeal and for monetary sanctions is denied. However, because Appellants violated this court's February 9, 2012 order, this court strikes all references in Appellants' brief to materials outside of the appellate record and strikes all portions of Appellants' excerpts of record which were not filed in the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–26 (9th Cir. 2003).

**AFFIRMED.**