Matter of Meier (2018 NY Slip Op 05043)





Matter of Meier


2018 NY Slip Op 05043


Decided on July 5, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX, JJ.


2017-10907

[*1]In the Matter of Mike Meier, an attorney and counselor-at-law. (Attorney Registration No. 2585578)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 23, 1994. By order to show cause of this Court dated December 8, 2017, the respondent was directed to show cause why an order should or should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Virginia State Bar Disciplinary Board entered November 29, 2016.



Diana Maxfield Kearse, Brooklyn, NY (Susan B. Master of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Mike Meier, Cabin John, Maryland, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order entered November 29, 2016, the Virginia State Bar Disciplinary Board suspended the respondent in that state for 30 days.
The respondent is licensed to practice law in the Commonwealth of Virginia. The underlying misconduct concerns the respondent's conduct in an action he litigated in Nevada, where he is not admitted and appeared pro hac vice. By order dated September 20, 2011, the United States District Court for the District of Nevada sanctioned the respondent and local counsel for their conduct in pursuing a sexual harassment lawsuit entitled Preiss v S & R Prod. Co. (2011 WL 4402952, 2011 US Dist LEXIS 107244 [D Nev, No. 2:10-cv-01795-RLH-RJJ], affd 533 Fed Appx 715 [9th Cir]) (hereinafter the sanctions order). The Virginia State Bar commenced a disciplinary proceeding against the respondent predicated on the sanctions order.
The underlying facts, as revealed in the "Stipulations of Fact" section of an "Agreed Disposition" entered into between the respondent and the Virginia State Bar, are as follows:
The respondent and local counsel filed a sexual harassment lawsuit on behalf of Oliver Preiss and Beatrice Preiss. The lawsuit alleged that Roy Horn, a Las Vegas entertainer, sexually harassed Oliver Preiss, who was Horn's assistant at the time. The lawsuit also alleged that Horn terminated Oliver Preiss's employment when he refused to accede to Horn's advances. A claim on behalf of Beatrice Preiss alleging negligent infliction of emotional distress was also included in the complaint. In addition, the respondent and local counsel filed an employment claim under Title VII of the Civil Rights Act of 1964 (42 USC, ch 21, § 2000e et seq. ) against S & R Production Company, which was found never to have employed Oliver Preiss.
The lawsuit was initially filed in Nevada state court and later removed to the United States District Court for the District of Nevada. Horn thereafter filed a motion to dismiss, which was granted. Horn's attorneys subsequently filed a motion for attorneys' fees. In the sanctions order, United States District Judge Roger L. Hunt granted the motion for attorney's fees, sanctioned the respondent and local counsel, and awarded attorneys' fees in the amount of $37,415 (see Preiss v S & R Prod. Co. , 2011 WL 4402952, 2011 US Dist LEXIS 107244).
In the sanctions order, Judge Hunt found that the respondent's actions in opposing the motion to dismiss wasted the District Court's time since the claims were "not simply without merit but blatantly and undeniably so" (2011 WL 4402952, *2, 2011 US Dist LEXIS 107244, *5). Judge Hunt characterized the respondent's defense of Beatrice Preiss's negligent infliction of emotional distress claim as "absurd" and "frivolous" (2011 WL 4402952, *2, 2011 US Dist LEXIS 107244, *5). With regard to S & R Production Company, Judge Hunt found that the prosecution of claims against an entity that never employed Oliver Preiss "needlessly, unreasonably, and vexatiously multiplied the proceedings in bad faith" (2011 WL 4402952, *3, 2011 US Dist LEXIS 107244, *7). Prior to the court's ruling on the motion to dismiss, the respondent and local counsel filed a motion to remand. Judge Hunt found this motion to be a vain attempt to deprive the court of jurisdiction to rule on the motion to dismiss. The arguments the respondent raised in support of the motion to remand were found by Judge Hunt to be "frivolous and recklessly unfounded" (2011 WL 4402952, *3, 2011 US Dist LEXIS 107244, *9).
In proceedings before the Virginia State Bar, the respondent denied making any misstatements of fact or law to the District Court in the papers he filed in opposition to the motion to dismiss. The respondent attempted to place blame on local counsel for the sanctioned conduct. An investigation by the Virginia State Bar showed otherwise.
The above conduct, as set forth in the "Agreed Disposition," violated the following Virginia Rules of Professional Conduct: rules 1.1 (competence), 3.1 (meritorious claims and contentions), 3.3 (candor toward the tribunal), 3.4 (fairness to opposing party and counsel), 4.4 (respect for rights of third persons), and 8.1 (bar admission and disciplinary matters).
The Virginia State Bar and the respondent proposed a suspension of 30 days as the appropriate sanction.
The "Agreed Disposition" was submitted to the Virginia State Bar Disciplinary Board for approval. By "Agreed Disposition Memorandum Order" entered November 29, 2016, the Virginia State Bar Disciplinary Board accepted the proposal and suspended the respondent for 30 days, effective November 29, 2016.
In response to this Court's order to show cause dated December 8, 2017, the respondent submitted an affidavit dated December 22, 2017, wherein he indicated that he accepts reciprocal discipline.
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the findings of the Virginia State Bar Disciplinary Board. In view of the respondent's unblemished disciplinary history, the isolated nature of the incident, and the relatively limited period of suspension imposed in Virginia, we conclude that the appropriate sanction is a public censure.
SCHEINKMAN, P.J., MASTRO, BALKIN, LEVENTHAL and HINDS-RADIX, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Mike Meier, is publicly censured.
ENTER:
Aprilanne Agostino
Clerk of the Court